### JIM GARRETT v. THE STATE.

#### No. 2167. Decided February 21, 1901.

**1. Cattle-Theft—Evidence—Clerk's Certificate of Marks and Brands.**

On a trial for theft of cattle, the clerk's certificate of the record of the marks and brands of the alleged owner, which recited that on a given date the owner, J. S. R., had his mark and brand recorded in the clerk's office of the county as follows (setting it out and authenticating it with his signature and official seal), was sufficient and properly admitted in evidence of the ownership in J. S. R.

**2. Same—Evidence in Explanation of Conflict in Brands.**

Where the clerk's certificate of the marks and brands of the alleged owner has been admitted in evidence, it is competent to admit other testimony to reconcile and explain a conflict in the brand in said certificate and that placed upon the animal, and to show how the particular brand on the stolen animal came to be placed upon it instead of the recorded brand.

**3. Same—Charge.**

On a trial for theft of cattle, where the testimony showed a different brand upon the animal from the recorded brand of the owner, as shown in the clerk's certificate, which had been introduced in evidence, it was error for the court in its charge to authorize the jury to take into consideration the said certificate as evidence of ownership. The brands being different, the certificate of the recorded brand could not be used as evidence of ownership, but could be used only as any other flesh mark for the purpose of establishing the identity of the animal and thus aid as a circumstance in establishing the ownership as alleged, and the jury should have been, in effect, so instructed.

APPEAL from the District Court of Cottle. Tried below before Hon. S. I. NEWTON.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The indictment contained three counts: the first alleging ownership of the stolen animal in Mon Garrison; the second alleging ownership in Jack Robertson; and the third alleging ownership in some unknown person.

The evidence showed that J. S. Robertson owned the animal, but that he had placed the same in actual care, management and control of Mon Garrison. It further showed that, in 1894, Robertson's branding iron got the ⓛ broken, and that the boys, in branding it back, inverted the ⓛ accidentally, making the brand ⓛ which was placed upon the animal.

No further statement necessary.

*Dalton & Brittain* and *Montgomery & Hughes,* for appellant.—A reading of the certificate shows it is not and does not purport to be a certified copy, but a certificate that something was done in 1882. It does not show that there is now any record of the brand in the office of the county clerk of Jack County, Texas. It does not state that the same is a copy of any record. This certificate may depend not on any record, but upon the pretended personal knowledge of the clerk outside of the record; or, again, the brand may, as stated, have been recorded in

1882 and since that time transferred or abandoned, and this may be shown by the record. See Rev. Stats., arts. 4921, 5028, 5029, 5031.

That nothing but a certified copy and not a certificate is admissible, see Revised Statutes, article 2306; Howard v. Russell, 75 Texas, 171.

(2) Because the same was not a copy of any brand of cattle, and fails to show date of record of same, and (3) Because the same is not upon its face a certified copy of any record of the county clerk's office of Jack County, but a mere certificate of said clerk as to a fact and therefore not admissible as evidence. All of these objections were by the court overruled and the defendant excepted.

In this connection we will state that the court in its charge expressly authorized the consideration of said certificate by the jury as evidence of ownership. We insist that there was error in this action of the court, and in support of our contention make the following propositions:

1. Said paper was not a certified copy of a mark and brand but a certificate of fact, merely and therefore not admissible as evidence. Rev. Stats., 2306, 4921, 5028, 5029, 5031; Howard v. Russell, 75 Texas, 171; Byra v. State, 26 C. A., 385; Smithwick v. Andrews, 24 Texas, 488.

2. We submit that the ex parte statement of a clerk as to a fact when it is not shown that there is any record of same then in existence is not and can not be evidence.

3. We further contend that there was error in the charge of the court wherein the court charged the jury that a recorded mark and brand was evidence of ownership and called the jury's special attention to the pretended copy of the Ⓛ brand above referred to and told them the same was evidence. This charge was duly excepted to (1) Because upon the weight of the evidence. (2) Said charge assumed the animal was branded with the Ⓛ while the evidence was conflicting upon that point.

We have set out all the evidence as to the brand on the cow under the first assignment.

The charge in effect told the jury that the certificate of brand was evidence of the ownership of said cow.

The recorded brand was not on the cow. The evidence left it in doubt as to how she was branded. This being true, the above was certainly upon the weight of the testimony.

D. E. Simmons, Acting Assistant Attorney-General, for the State.— The first bill objects to the certificate of the county clerk of Jack County, which purported to be a certified copy of the marks and brands of J. S. Robertson, the owner of the two head of cattle alleged to have been stolen. While this purported certificate could not have been introduced and relied on, under the circumstances of this case as absolute and sufficient evidence of ownership of the alleged stolen cattle, at the same time, under the peculiar facts, it was a circumstance, together with

the other corcumstances and evidence, especially the testimony of J. S. Robertson, to show that the animal stolen was an animal belonging to the special owner, Mon Garrison. The certificate may be somewhat informal in character, but certainly it does take from the county record the marks and brand belonging to J. S. Robertson, and it certifies to the date upon which said brand was recorded in Jack County, to wit, February 13, 1883. The fact that the certificate does not further show that said mark and brand was then owned by J. S. Robertson does not go to the admissibility of said certificate, but merely goes to the weight of the evidence, which would be a matter for the consideration of the jury.

The testimony of J. S. Robertson shows what character of brand he had owned, and testifies to the fact that he had used said brand Ⓛ for forty years, and that he had same recorded in Jack County, Texas, in 1882, and that he was at the time of this trial the owner of said brand. The charge of the court should be read upon the question of ownership— set out in bill number 2—as follows: "Upon the question of ownership you are instructed that a recorded mark and brand is evidence of ownership of the animals upon which it is placed. The State has introduced a certified copy of the Ⓛ brand and mark in evidence, which you may take into consideration, together with all the facts and circumstances in evidence before you, if any, and then, if you believe beyond a reasonable doubt that the animals in question were at the time of the alleged offense the property of Mon Garrison, as owner or special owner, then the allegation of ownership is sufficiently proven." We do not see that this, if error at all, is such error as works a material injury to this appellant, for the reasons that the court tells the jury that this certified copy of the recorded brand is to be taken into consideration, together with all the facts and circumstances to identify the animals; and then the court leaves it to the jury, if they believe beyond a reasonable doubt that the animals in question were the property of Mon Garrison, as special owner, the allegation of ownership is sufficiently proven. We think the court had a right to state as a matter of law that the ownership was sufficiently proven, if they found the facts as set out in the foregoing part of that charge to be true. The court does not assume, as claimed by counsel for appellant, that the alleged stolen animal was branded with the Ⓛ brand, but he leaves it to be taken into consideration with the testimony of J. S. Robertson as to the breaking of the branding iron and in having it mended, that the letter was reversed so that it was as follows ⊕ and that he branded a few head of cattle during the years 1894 and 1895 with the brand as thus reversed; and all the testimony as thus adduced was as to the identification of the animal.

HENDERSON, JUDGE.—Appellant was convicted of theft of cattle, and his punishment assessed at confinement in the penitentiary for a

term of two years, and prosecutes this appeal. On the trial the State offered the following paper in evidence, to wit:

"The State of Texas, County of Jack. Be it remembered that on the 13th day of February, 1882, J. S. Robertson of Jack County, Texas, had his mark and brand recorded in the clerk's office of said county, as follows, to wit:

| MARK. | BRAND. | LOCATION OF BRAND. |
|:---:|:---:|:---:|
| (mark symbol) | (L brand) | Left Side and Hip. |

To certify which I hereunto. sign my name and affix my official seal, this the 20th day of July, 1900. C. M. Whipp, County Clerk, Jack County, Texas."

This was offered for the purpose of showing ownership of the cattle alleged to have been stolen in J. S. Robertson. Other proof in the case shows that Mon Garrison was the special owner in control of the cattle for said Robertson. Defendant objected to this, because the evidence for the state all showed that the animal claimed to have been stolen was not branded with said Robertson's brand, but was branded (L brand) (1) All the witnesses who describe the brand on the alleged stolen animal, describe it as (L brand). (2) Because it was not a copy of any brand of cattle, and because the same failed to show the date of record of the same. (3) Because the same upon its face is not a certified copy of any record of the county clerk's office of Jack County, but a mere certificate of said clerk as to facts, and therefore not admissible in evidence." In the opinion of the writer, the certificate attached was not sufficient to authorize the introduction of the record brand of Robertson. The certificate merely states, as a fact, that on the 14th day of February, J. S. Robertson had the following brand recorded in the clerk's office of Jack County, then gives the brand; whereas the certificate should have shown that the brand as given was a copy of the brand of said J. S. Robertson as it appeared from the books for recording brands in said Jack County. Rev. Stats., art. 2306; Howard v. Russell, 75 Texas, 171; Fisher v. Ulman, 3 Texas Civ. App., 322; 1 Greenl. on Ev., secs. 485, 498, and notes. A majority of the court, however, believe that the certificate was sufficient to render the paper admissible, and so hold. The certificate of the brand being admissible in evidence, then other testimony to reconcile and explain the conflict between the brand in the purported certificate and that actually placed on the animal was admissible, that is, it was admissible to show how the particular brand on the alleged stolen animal came to be placed there instead of the recorded brand. Harwell v. State, 22 Texas Crim. App., 251. The court gave the following instruction to the jury: "Upon the question of ownership, you are instructed that a recorded mark and brand is evidence of ownership of the animal upon which it is placed. The State has introduced a certified copy of the record of the (L brand) brand and mark in evidence, which you may take into consideration together with all the facts and circumstances in evidence

before you, if any, and then, if you believe beyond a reasonable doubt that the animals in question were, at the time of the alleged offense, the property of Mon Garrison, as owner or special owner, then the allegation of ownership is sufficiently proven." This was objected to by appellant on the ground that the same was upon the weight of the testimony and was calculated to impress the jury that, in the court's opinion, the allegation of ownership had been proven; and it further assumed, that the alleged stolen animal was branded with said ⬭. If said testimony was admissible (and the court so held), then it was enough to leave the jury to determine the ownership from all the evidence in the case, without calling the jury's special attention to any particular part of the testimony. The brand evidently, which was shown to have been placed on the animal, was not the brand as shown by the purported record, but a different brand; and being a different brand could only be used as any other flesh mark, for the identification of the animal, and could not be used as evidence of ownership, under the statute with reference to recorded brands, and, under the charge as given, the jury might have felt authorized to regard the brand in some way as proof of ownership. We would observe here, lest there be some misapprehension, that, while the evidence was admissible with reference to the owner's recorded brand and the brand which the testimony tended to show was on the animal, all this testimony was admissible, not for the purpose of showing ownership under a recorded brand, because the brand as shown on the animal was not the recorded brand of the prosecutor, but same could be used as any other flesh mark, for the purpose of establishing the identity of the animal, and thus aiding, as a circumstance, in establishing the ownership of the same. To illustrate, if A., a merchant, had lost a brown coat, with A.'s distinctive price mark thereon, out of his stock by theft, and B. was subsequently, recently thereafter, found in possession of a coat of the same color and character, this would be some evidence of identity, and so tend to establish ownership. If, in addition to this, the price mark of A. was found on the coat, and it was shown that no other person in that community used such a price mark, these would be strong circumstances identifying the coat as the one stolen from A. While there is no statute, as in the case of the brand of cattle, making the price mark evidence of ownership, still these facts, with other circumstances, might constitute plenary proof of identity, and thus establish ownership in A. And so, in this instance, the brand constituting a distinctive and peculiar flesh mark, together with the color of the cow lost being of the same color and character as that found in the possession of appellant, these, with other circumstances, might serve to identify the animal as the one alleged to have been stolen, and thus establish the ownership. However, as stated before, we do not believe the court should have referred to the brand as was done in the charge given.

If it was referred to at all, the jury should have been instructed that the brand on the alleged stolen animal, being different from the recorded brand of the owner, did not constitute evidence of ownership, and they could only look to the same as any other flesh mark which might serve to identify the animal. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*