BLAS FORD v. THE STATE.

No. 4840.  Decided January 30, 1918.

**1.—Assault to Rape—Age of Prosecutrix—Contradicting Witness.**

Where, upon trial of assault to rape upon a girl under the age of consent, the age of the prosecutrix was in issue, and the father of prosecutrix had testified that the enumerator of the census taker had taken the age of prosecutrix, in which the said father stated that she was born on the 27th of October, 1902, the defendant should have been permitted to prove from the same document and under the same oath by said father that he stated that the next child was born in April, 1903, as this would contradict his testimony.

**2.—Same—Evidence—Age of Prosecutrix.**

Where, upon trial of assault to rape, the State had introduced testimony that the father of prosecutrix had made an affidavit furnished the enumerator of school children that she was born on the 27th of October, 1902, the defendant should have been permitted to prove by the baptismal record of his church that she was born on the 27th of November, 1901, which would have shown that she was beyond the age of 15.

**3.—Same—Evidence—Wife of Defendant.**

Upon trial of assault with intent to rape the State must prove that the prosecutrix at the time of the alleged offense was not the wife of the defendant.

Appeal from the District Court of Fannin.  Tried below before the Hon. R. T. Lipscomb.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Couch & O'Keefe* and *J. W. Grass,* for appellant.—On question of age of prosecutrix:  Howard v. Russell, 75 Texas, 171.

On question of want of proof that prosecutrix was not the wife of defendant:  Rice v. State, 37 Texas Crim. Rep., 36; Rice v. State, 37 id., 38.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to rape, his punishment being assessed at two years confinement in the penitentiary.

It is more than questionable whether the evidence would support a conviction for assault to rape, but it is not intended here to discuss that phase of the record.

The indictment charged appellant with committing the assault upon a girl under fifteen years of age.  The evidence does not show positively that prosecutrix is under the age of fifteen years, and does not directly show that she was not the wife of appellant.  The record is silent, except by innuendo or inference, as to whether she was his wife.  This matter ought to be made clear.  No witness swore in the case that she

was not the wife of defendant. This whole matter could have been settled by asking the prosecutrix, or her father, the plain question as to whether she was or was not the wife of defendant, which was not done. Perhaps it might be inferred by putting one presumption upon another that she was not the wife of appellant, but matters of this sort should not be left to vague inference and deduction. The father testified that the prosecutrix was born on the 27th of October, 1903. The girl did not know her age. The enumerator or census taker of school children took the affidavit of the father of prosecutrix to the ages of his children, in which the father stated prosecutrix was born on the 27th of October, 1902. This was permitted to go to the jury. Appellant then proposed to prove from the same document and over the same oath by the father that he stated the next child was born in April, 1903. The court would not permit this to go to the jury. In this we think there was error. From the 27th of October to some day in April is rather a short interregnum for the birth of two children. If they were twins the deliverance was a long ways apart. This testimony should have gone to the jury; if not as original testimony, as impeaching evidence.

Appellant also offered the register of the birth and baptism of the girl in St. Joseph's church in Oklahoma. This was in accord with the church custom, the supposition being that the people were Catholic. The record would have shown and is properly verified, that the girl was born on the 27th day of November, 1901, and that she was baptized on the 29th day of December, 1901. When this testimony was offered the court declined to hear it, and exception was reserved. In this we think the trial court was in error. See Howard v. Russell, 75 Texas, 171; 5 Peters, U. S. Rep., 470; 8 Am. St. Rep., 855; Garrett v. State, 42 Texas Crim. Rep., 521. This testimony should have gone to the jury. The father had sworn that the girl was born in October, 1903, in Oklahoma, and had sworn in an affidavit furnished the enumerator of school children that she was born the 27th of October, 1902. The baptismal record of his church shows that she was born on the 27th day of November, 1901, and baptised on the 29th day of December, 1901. This testimony bore directly and strongly upon the question of age. The indictment charged she was under fifteen years. This evidence would have shown, if she was born in 1901 as this record would indicate, that she was beyond the age of fifteen, and appellant could not be convicted under this indictment. It is deemed unnecessary to discuss the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*