Robert C. NEFF, Appellant,

v.

Marcy Neff JOHNSON, Appellee.

No. 14584.

Court of Civil Appeals of Texas.

Houston.

May 27, 1965.

Rehearing Denied June 17, 1965.

Alex Guevara, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., R. H. Elder, Asst. Dist. Atty., Houston, for appellee.

WERLEIN, Justice.

This suit was initiated by appellee, Marcy Neff Johnson, in the Common Pleas Court of Greene County, Ohio, Division of Domestic Relations, against appellant, Robert C. Neff, under the Uniform Reciprocal Enforcement of Support Act of the State of Ohio, R.C. § 3115.01 et seq., which is substantially similar to the Uniform Reciprocal Enforcement of Support Act of the State of Texas, the responding state, praying for an order of the court to be directed to appellant, a resident of Harris County, State of Texas, ordering him to "pay support" to appellee for the benefit of appellee's minor children. Said court made its finding entry and certificate on March 31, 1962, in which it found, among other things, that appellant and appellee had two minor children, Billy Franklin and Lillie Mae, that appellant and appellee were last divorced on the 6th day of May, 1950 in the Common Pleas Court of Greene County, at which time appellant was ordered to pay the appellee the sum of $30.00 per week for the maintenance and support of said minor children.

The court certified that appellant was not a resident of, nor domiciled in, Ohio; that a verified petition had been filed in such court against appellant to compel the support of said children and that the appellant was residing in Houston, Harris County, Texas, and by reason thereof service could not be had upon him in the State of Ohio. The court further certified that appellant should be compelled to answer the petition

of the appellee and that he owes a duty of support by reason of the marriage of the parties and the birth of the children to the marriage, and that the sum of $30.00 per week was necessary for the support of the children, namely, Billy Franklin and Lillie Mae Neff. The court further found that by reason of appellant's place of residence the District Court of Harris County, Houston, Texas, had jurisdiction of the appellant, and the court, therefore, caused a certified copy of appellee's petition, and an authenticated copy of the Uniform Dependent's Act, and a certified copy of the court's certificate to be transmitted to the Clerk of the District Court of Harris County, Houston, Texas.

From the judgment of the Court of Domestic Relations No. 3 of Harris County, Texas, finding in favor of appellee's petition, and ordering appellant to pay the sum of $50.00 per month for the support and maintenance of said children beginning December 1, 1964, to be made to the Harris County Probation Office, designated Registry of the Court, to be transmitted to the said appellee, % the Clerk of the Court of Common Pleas, Greene County, Dayton, Ohio, in accordance with the Reciprocal Enforcement of Support Act of the State of Texas, Article 2328b–1, 2 and 3, Vernon's Ann.Tex.Civ.St., appellant has perfected his appeal.

The gravamen of appellant's first three points is that there was no evidence and insufficient evidence to support the trial court's judgment and that the amount of support awarded is excessive. Appellee in her sworn petition, which was filed in the Court of Common Pleas in Ohio on March 31, 1962 and filed in the District Court of Harris County, Texas, on August 12, 1963, alleged, and said Court of Common Pleas found and certified, that appellee and appellant were married the first time June 16, 1929 and divorced December 4, 1941; that they remarried April 2, 1946, and were last divorced May 6, 1950; that Billy Franklin was born February 19, 1946, and Lillie Mae

was born May 19, 1948; and that the five oldest children were emancipated, and that Billy Franklin was 16 years of age and Lillie Mae was 13 years of age.

This appeal is before us on an agreed statement of facts filed January 27, 1965 in this cause. Appellant testified at the trial that he was not the father of Billy Franklin and Lillie Mae and that he never recognized them as his children; that Billy Franklin was born out of wedlock, and that he had left appellee, after his second marriage with her, because of a quarrel and was living some 18 miles away at the time of the conception and birth of Lillie Mae. We need not determine whether or not Billy Franklin was the child of appellant since at the time of the trial he was past 18 years of age and appellee was not entitled to child support for him. Appellee alleged in her petition the dates when her children were born, and her pleading constitutes an admission that Billy Franklin was, at the time of the trial, as asserted by appellant, more than 18 years of age. Appellant contends, and appellee concedes, that the law of Texas controls with respect to the age at which a minor ceases to be entitled to child support, and whether a duty of support exists. Benson v. Benson, Tex. Civ.App., 368 S.W.2d 125, writ ref., n. r. e.; Freeland v. Freeland, Tex.Civ.App., 313 S.W.2d 943.

Appellant has stated in his brief that at the time of the trial all of appellee's children were emancipated with the exception of Lillie Mae, thus in effect admitting Lillie Mae was a minor. The birth certificate of Lillie Mae, which was introduced in evidence, shows that she was born on May 19, 1948, and that hence she was a little over 16½ years of age at the time of the trial. Appellant objected to the introduction of the birth certificate of Lillie Mae because of hearsay statements contained therein, but he did not object to the use of such birth certificate for the purpose of es-

tablishing the age of Lillie Mae. It is our view that it was admissible for the purpose of showing Lillie Mae's age. Ford v. State, 82 Tex.Cr.R. 639, 200 S.W. 841; Northern v. State, 152 Tex.Cr.R. 569, 216 S.W.2d 192. Where evidence is admissible to establish one issue only, it is the duty of the objecting party to request the trial court to limit consideration of evidence to that issue. Hogan v. Cunningham, Tex.Civ.App., 278 S.W.2d 265; Singleton v. Carmichael, 305 S.W.2d 379, writ ref., n. r. e.; 23 Tex.Jur.2d, p. 174, Sec. 122, Evidence.

■ Appellant's contention is that although Lillie Mae was born during his second marriage with appellee, he was not her father. The law is well settled that the presumption that a child born during marriage is legitimate cannot be rebutted by the testimony of the husband or wife that sexual intercourse did not take place between them. Simon v. State, 1892, 31 Tex. Cr.R. 186, 20 S.W. 399; Meyer v. State, Tex.Cr.App., 41 S.W. 632.

"Nor may any declarations of the husband or wife be received for the purpose of showing nonaccess or otherwise assailing the legitimacy of the child." (McCormick and Ray, Texas Law of Evidence, page 112, Section 90, and cases cited)

The presumption of the fact of legitimacy of a child is one of the strongest known to the law. As stated in Pinkard v. Pinkard, Tex.Civ.App., 252 S.W. 265, "To bastardize a child born in lawful wedlock, the most clear and conclusive evidence of nonaccess is required." There was no such evidence in the instant case. See also Lawson v. Baker, Tex.Civ.App., 1961, 351 S.W.2d 571; Byrd v. Travelers Insurance Co., 275 S.W. 2d 861, writ ref., n. r. e.

The Court of Domestic Relations, after reciting that it was the opinion of the Court that appellee's petition should be granted, and that the sum of $50.00 per month is a reasonable sum for the support and maintenance of the defendant's children as above set out, payable the first of each month beginning December 1, 1964, made the following order:

"It is therefore ORDERED, ADJUDGED and DECREED by the Court, that the defendant, be, and he is hereby ordered to pay the sum of FIFTY DOLLARS ($50.00) per month for the support and maintenance of children payable every first, begining December 1st, 1964, to be made payable to Harris County Probation, Room 102 Civil Courts Building, which is the designated Registry of this Court, to be transmitted to: Marcy Neff Johnson, % Clerk of Court, Common Pleas Court, Greene County, Dayton, Ohio."

■ The decree of the court does not name any child or children nor otherwise identify the persons for whom the support was decreed. It is evident that the court was ordering the sum of $50.00 per month for the support and maintenance of more than one child, that is, "children", although at the time of the entry of such decree appellee had only one minor child for whom she could recover support. It is impossible for this Court to determine what amount the trial court would have found reasonable for the support of just one child, since the court found $50.00 was reasonable for the support and maintenance of more than one child. Appellant contends that the amount awarded is excessive. It will not be necessary to pass upon this assignment since the cause must be reversed and remanded for a new trial, at which time the trial court may consider what would be reasonable child support for one child, Lillie Mae, in light of appellant's earnings and living expenses.

■ The trial court admitted in evidence the purported 1950 judgment of the Court of Common Pleas of Greene County,

Ohio, in Marcy Neff v. Robert C. Neff. Such purported judgment is not certified in any manner, is unauthenticated, and bears no signature whatever. Although appellant did not except to the introduction of such purported judgment, it is of no probative force. Incompetent evidence cannot form the basis of a fact finding or of a judgment regardless of whether it was objected to. Texas Co. v. Lee, 1941, 138 Tex. 167, 157 S.W.2d 628; Austin Bros. v. Patton, Tex. Com.App., 294 S.W. 537.

In view of our holding, it is not necessary to determine whether there was any error in the trial court's overruling appellant's exceptions to appellee's petition. The case was tried to the court without a jury. If there was any error in such connection, it was harmless.

Appellant has asserted that the confused and indefinite allegations in appellee's petition may not be clarified by reference to the finding entry and certificate of the court of the initiating state. The Supreme Court of Arkansas, in Dean v. Dodge, 1952, 220 Ark. 853, 250 S.W.2d 731, refers with approval to an article in the Arkansas Law Review, Vol. 5, No. 4, by W. J. Brockelbank, Professor of Law at the University of Idaho, in which it is indicated that the proper procedure is for the court of the initiating state to examine the plaintiff's verified petition to determine whether the alleged facts show the probable existence of a duty of support, and if they do, to send the petition and its certificate to a court of the responding state where the husband has fled or in which he has property. The court of the responding state then holds a hearing, after due service of process upon the defendant, and enters the proper orders. The Act does not contemplate notice to the defendant of the proceeding in the initiating state.

In Mahan v. Read, 1954, 240 N.C. 641, 83 S.E.2d 706, the court held that the trial court erred in reaching the conclusion that the respondent's "responsibility to support said children has already been found to exist by a court of competent jurisdiction of the County of Pulaski in the State of Arkansas." The court said that the function of the court of the initiating state is to certify to the sufficiency of the petition, that is, that it sets forth facts "from which it may be determined that the respondent owes a duty of support." The court further held that the court of the initiating state had no jurisdiction to make any determination affecting the substantive rights of the parties. The approval of the petition and the certificate of the Arkansas court enables the petitioner to submit herself, without the necessity of personal presence or employment of counsel, to the jurisdiction of the court in the responding state.

It is our view that the function of the certificate of the court of the initiating state is to establish that such court upon examination of the plaintiff's petition has found such probable duty of support as to warrant transmittal of the petition, certificate and a copy of the support Act to the court of the responding state. The court of the responding state then holds a hearing, after proper notice or service of process upon the defendant, to determine whether a duty of support actually exists and if so, it enters the proper orders. The statements made in the certificate, based upon the plaintiff's petition, and without notice to the defendant, are not to be considered by the court of the responding state as evidence of the facts alleged in the plaintiff's petition. See 42 A.L.R.2d, p. 768, for annotation on the Uniform Reciprocal Enforcement of Support Act, and authorities there cited. The judgment of the trial court in the instant case does not show that the court in rendering its decision considered the certificate in question as constituting any evidence of probative force.

Reversed and remanded.