Ralph B. HUTCHINS, Appellant,

v.

Harold W. SEIFERT, Appellee.

No. 410.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 18, 1970.

Rehearing Denied Dec. 2, 1970.

Herman W. Mead, Houston, for appellant.

Elton M. Hyder, Fort Worth, for appellee.

TUNKS, Chief Justice.

Harold W. Seifert, appellee, filed petition in Probate Court No. 1 of Harris County, Texas, for probate of the last will of his deceased mother, Nellie B. Hutchins. The appellant, Ralph B. Hutchins, surviving husband of Nellie B. Hutchins, filed a contest of the petition to probate and also filed a motion asking that the court direct the temporary administrator, pursuant to Sec. 177, Texas Probate Code, V.A.T.S., to turn over to him all of the property in the estate of the decedent. The probate court rendered judgment admitting the will to probate and ordered letters testamentary issued to Seifert who was named as independent executor as well as the sole beneficiary under the will. Hutchins' motion under Sec. 177 was denied. Hutchins appealed to the district court, where, after a non-jury trial, judgment was rendered to the same effect as that in the probate court. Hutchins has now appealed to this Court.

The appellant's first point of error is that the trial court erred in appointing the appellee independent executor because the evidence showed that the appellee was a convicted felon.

Section 78, Texas Probate Code, provides as follows:

"No person is qualified to serve as an executor or administrator who is:

(a)  *  *  *

(b)  *  *  *

(c) A convicted felon, under the laws either of the United States or of any state or territory of the United States, or of the District of Columbia;  *  *  *  or  *  *  *"

The trial in the district court was quite brief. The proponent offered formal testimony of a witness to the will and the lawyer who drew it then rested. The contestant then offered five exhibits which were items that had been filed in the probate court. One of those exhibits was the pleading filed by the contestant in the probate court. Attached to that pleading, and made a part of it, was a purportedly authenticated copy of a judgment of the District Court of the Second Judicial District of the State of Montana, adjudging the appellee guilty of the offense of robbery. It is the appellant's position that this judgment constituted evidence establishing as a matter of law that appellee had been convicted of a felony so that the trial court erred in ordering that letters testamentary issue to him. We overrule such point of error.

The only attestation of the judgment in question was that of one Frank J. Gabse, who is designated as Clerk of the Montana court. The attestation is signed by Julia McHugh, who is designated as deputy clerk. That does not meet the requirement of Article 3731a, Sec. 4, Vernon's Ann.Tex.Civ.St. That statute requires, as to the admissibility in evidence of a judgment of a court of another state, not only that it be attested by its official custodian, but also that the judge of a court of record certify that such officer did have official custody. No such certification accompanied this document. Nor did the certification meet the requirements of Title 28, U.S.C.A., Sec. 1738, which also requires certification by the judge that the attestation is in proper form. Absent proper authentication the exhibit was hearsay and of no evidentiary value even though it was admitted in evidence without objection. Pearson v. Stevens, Tex.Civ. App., 446 S.W.2d 381, no writ hist.

In connection with appellant's first point of error appellee has stated in his brief that he has been granted a full pardon by the Governor of the State of Montana. He has supported that statement by a photostatic copy of an instrument purporting to grant such a pardon. That document, too, is not so authenticated as to be admissible in evidence. Even if it were, this Court could not consider it as part of the record. We have no jurisdiction to receive such evidence. Ragland v. Cone, Tex.Civ.App., 118 S.W.2d 1098, no writ hist. If, however, such pardon was granted, it effectively removed the appellee's disqualification to act as executor so that his doing so may not successfully be challenged. 44 Tex.Jur.2d, 13, Sec. 12, Pardon, Reprieve and Commutation.

It appears from the record that a temporary administrator of the Estate of Nellie B. Hutchins was appointed by agreement of the parties. In the probate court the appellant filed an application asking that court:

" * * * to order the temporary administrator heretofore appointed in this estate deliver all property in possession of said temporary administrator and belonging to said estate to the said RALPH HUTCHINS surviving spouse who has absolute right thereto under authority of Section 177, Probate Code, State of Texas and the Court decisions thereunder."

Both the probate court and the district court refused the requested order. Such refusal by the district court is the subject of appellant's second point of error.

The contestant was the only witness to testify in his behalf. He was asked questions as to whether the property left by Mrs. Hutchins was community property, but objections to those questions were sustained. There is absolutely nothing in the record to establish the character of the property in the estate as being community or separate. Furthermore, the appellant testified that all debts had been paid. Under those circumstances the district court properly refused to order the temporary administrator to turn over the assets of the estate to the appellant. Chanowsky v. Friedman, Tex.Civ.App., 205 S.W.2d 641, ref., n. r. e.

The judgment of the trial court is affirmed.