Don McLENDON, Appellant,

v.

TODD–AO–CORPORATION, Appellee.

No. 7907.

Court of Civil Appeals of Texas, Beaumont.

Jan. 6, 1977.

Rehearing Denied Feb. 17, 1977.

Paul R. Lawrence, Houston, for appellant.

Hugh Corrigan, IV, Dallas, for appellee.

DIES, Chief Justice.

Plaintiff below Todd-AO Corporation obtained a California judgment in March 1975 against defendant below in the amount of $3,604.25 plus $357 attorney fees and $25 court costs. We shall speak of the parties as they appeared in the trial court.

Plaintiff filed suit to enforce the California judgment in Dallas County, Texas. Thereafter the cause was transferred on a plea of privilege to Harris County. After plaintiff's Texas suit was filed, defendant voluntarily paid the $3,604.25 debt which had been ordered paid by the California court. Plaintiff then filed motion for summary judgment (subject to reduction for the sum paid) as to the entire California judgment, and same was granted. Defendant appeals from the trial court's action in granting the motion on the ground that the California judgment is void for want of jurisdiction.

U.S.Const., Art. IV, Sec. 1 provides that each state shall give full faith and credit to the public acts, records, and judicial proceedings of every other state. The manner in which such judicial proceedings may be proved is set out in 28 U.S.C.A. § 1738 (1966). Under § 1738 where a party sued upon a foreign judgment in Texas and introduces a properly authenticated copy thereof he has established a prima facie case. Thereafter, the burden of attacking the judgment shifts to the defendant to bring forth reasons, e. g., such as lack of in personam jurisdiction, why that judgment should not be given full faith and credit. *Williams v. State of North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1944); *Country Clubs, Inc. v. Ward*, 461 S.W.2d 651, 655 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *Hamilton v. Newbury*, 412 S.W.2d 801, 805 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.).

The case before us, however, bears little resemblance to the ordinary case of attempted enforcement and concomitant challenge of a sister state's judgment. Here the defendant has already paid the greater part of the judgment sought to be enforced and yet still vigorously challenges the power of the court which levied the judgment against him.

We are of the opinion that defendant's action in voluntarily paying the California judgment before he was required so to do was, in effect, an admission of that court's power as to his person. Moreover, we hold that he has by his actions waived his right of appeal. As was said in *Elkins v. Vincik*, 437 S.W.2d 49, 51–52 (Tex.Civ.App.—Austin 1969, no writ):

"A Judgment that has been performed and satisfied is functus officio. 34 Tex. Jur.2d 750, Judgments, Sections 644 and 646. This Court observed in *Perez v. George*, 367 S.W.2d 940 (Tex.Civ.App.—Austin 1963, writ ref. n. r. e.), 'If the judgment ha[s] been satisfied and extinguished, there was no basis for appellees' writ for possession and the writ was invalid.' Similarly, the Judgment here has been satisfied and extinguished, and there is no basis for Appellant's appeal."

The Austin Court then cited with approval the rule set out as follows in 3 Tex.Jur.2d §§ 193 and 194, pp. 594–596 (1974):

"When a judgment debtor voluntarily pays or satisfies a judgment rendered against him, he waives his right to appeal, and an appeal taken by him will be dismissed.

\*    \*    \*    \*    \*    \*

"A party who voluntarily accepts or secures the benefit of a judgment or decree thereby waives all right to prosecute an appeal. *In other words, a party may not treat a judgment as both right and wrong, and avail himself of the advantages of such position.*" (Emphasis added.)

See also *Norris Implement Co. v. Ogden*, 147 S.W. 279, 279–280 (Tex.Civ.App.—Amarillo 1912, no writ).

Defendant having waived his right of appeal, the order granting summary judgment is hereby affirmed.

AFFIRMED.

STEPHENSON, J., not participating.