**Jonnie P. BYRD, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.**

No. 16644.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1981.

Oscar J. Pena, Laredo, for appellant.

Lewis F. Boyd, Tex. Dept. of Human Resources, Austin, for appellee.

Before ESQUIVEL, BUTTS and BASKIN, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from an order of confirmation of a foreign child support decree rendered in favor of appellee, Texas Department of Human Resources (TDHR) against Jonnie P. Byrd, brought under the Texas Uniform Reciprocal Enforcement of Support Act (TURESA) Tex.Fam.Code Ann. §§ 21.01 et seq. (Vernon 1975).

Pursuant to a Kentucky divorce decree entered September 23, 1965, Delores Moreno Byrd was awarded custody of the two children born during her marriage with the appellant. The Kentucky Court ordered the appellant to pay $80.00 per month to his ex-wife in child support until the children reached the age of 18.

The TDHR brought suit to register the foreign decree and collect any arrearage. Webb County Court at Law Judge Emilio "Chito" Davila initially awarded the TDHR $13,520.00 in unpaid child support between 1965 and 1980. Subsequently, the judge reduced that amount to $9,600.00 for unpaid child support between 1970 and 1980. Byrd appeals the judgment registering and enforcing the Kentucky judgment. We reverse.

In his first point of error, Byrd maintains that the County Court at Law judgment is not supported by any evidence. For purposes of this appeal, we will address only this issue since it is dispositive of the case.

■ The trial court admitted in evidence the purported 1965 judgment of the Christian Circuit Court in Kentucky in Civil Action No. 5065, Jonnie Byrd v. Delores M. Byrd. Such purported judgment is unverified, uncertified and unauthenticated. Although the appellant did not except specifically to the introduction of the document, the purported judgment was not entitled to confirmation; it constituted incompetent evidence. Tex.Fam.Code Ann. § 21.65 (Vernon 1975); *Neff v. Johnson,* 391 S.W.2d 760, 763–764 (Tex.Civ.App.—Houston 1965, no writ). As § 21.65 stipulates in part: "The obligor may assert any defense available to a defendant in an action on a foreign judg-

ment." Incompetent evidence may not constitute the basis of a confirmation of a foreign support decree where there is no verified, certified or authenticated foreign judgment admitted into the record prior to the final disposition of the case. Tex.Fam. Code Ann. § 21.01 et seq. (Vernon 1975); *Neff v. Johnson, supra.*

The trial court ordered that a copy of the Certificate of Dissolution of Marriage from the Kentucky Court be forwarded to this Court. Judge Davila signed this order on November 18, 1980. The original order confirming the Kentucky decree was signed on July 28, 1980, even though the certificate of the circuit court clerk in Kentucky was not introduced into the record at that time. This action could not cure the fatal defect in this confirmation order.

■ Assuming that the certificate of dissolution was included with the Kentucky judgment, the TDHR failed to prove an arrearage *and* failed to prove its status as an assignee of Delores Moreno Byrd's child support rights. In this case, there was no introduction of *any* verified pleadings nor was there an introduction of evidence upon which any of these three (3) elements could have supported the confirmation order. This cause is reversed and remanded.