**Clifford D. NOE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–82–00105–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 26, 1983.

Discretionary Review Granted May 18, 1983.

Anthony Blazi, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from the denial of a writ of habeas corpus. Appellant was arrested pursuant to a Governor's warrant issued under article 51.13 of the Texas Code of Criminal Procedure, the Texas Codification of the Uniform Criminal Extradition Act, (hereinafter referred to as the Uniform Act). Appellant presents five grounds of error on appeal. We affirm.

In 1979 appellant was released from the custody of the Federal Correction Institution in Texarkana, Texas, to stand trial in Mississippi for the offense of forgery. Following his conviction and sentence to ten years' confinement in the Mississippi Department of Corrections, but prior to serving any portion of such State sentence, appellant was returned to the federal authorities to serve the remainder of his federal term. Upon completion of the federal sentence on September 4, 1981, the federal authorities released appellant instead of remanding him to the Mississippi officials. On October 13, 1981, the Governor of Mississippi forwarded to the Governor of this State a demand or requisition for the return of appellant. A Texas Governor's warrant was issued for appellant's arrest and he was apprehended in San Antonio shortly thereafter. Appellant filed an application for writ of habeas corpus, which was denied by the trial court.

In his first ground of error, appellant alleges the demand from the Governor of Mississippi did not meet the requirements of Tex.Code Crim.Pro.Ann. art. 51.13, § 3 (Vernon 1979) and the Texas Governor was thus not authorized to recognize and issue the executive warrant based upon it. Appellant points out that the demand lacks allegations in writing that he was present in Mississippi at the time the crime was

committed and that he fled thereafter, and he had escaped from confinement or had broken terms of his bail, probation, or parole. *Id.*

The demand from the Governor of Mississippi states,

> Clifford D. Noe aka John Barker stands convicted with the crime of Forgery ... committed in the County of Sunflower in this State, and it has been represented to me that Clifford D. Noe has fled from justice in this State and has taken refuge in the State of Texas.

We find the Governor of this State properly issued the warrant based on this demand.

The United States Supreme Court has held the issuance of the Governor's warrant establishes a *prima facie* case that the constitutional and statutory prescriptions have been met. *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). On a writ of habeas corpus, the court in the asylum state may only make four determinations: 1) whether the extradition documents on their face are in order; 2) whether the petitioner has been charged with a crime in the demanding state; 3) whether the petitioner is the person named in the request for extradition; and 4) whether the petitioner is a fugitive. *Id.* The Supreme Court further held that the state courts are bound by the Extradition Clause, *supra,* 18 U.S.C. § 3182 (1970) and the Uniform Criminal Extradition Act, where adopted. Texas has adopted that Act in art. 51.13, *supra.*

The Texas Code of Criminal Procedure, the United States Constitution, and 18 U.S.C. § 3182 (1970) require that appellant must have been charged with an offense in the demanding state and that he is a fugitive from justice. *Compare,* art. 51.13, § 3, *supra,* 18 U.S.C. 3182, and U.S. Const. art. IV, § 2. The Texas Code, unlike the U.S. Constitution and 18 U.S.C. § 3182, further permits one to be extradited to the demanding state even though he was not present in the state at the time of the offense as long as his actions caused a crime to occur within the demanding state. *Compare Illinois v. Elrod,* 511 F.Supp. 559, 560 (N.D.Ill.1981) (must have been in demanding state to be

fugitive) *and* 18 U.S.C. § 3182 (1970), with art. 51.13, § 6.

The demand from Mississippi states appellant was convicted of an offense committed in Mississippi. Thus it is clear that he was charged in Mississippi and that he was present in Mississippi when the offense occurred or that he committed some act outside the state causing an offense to occur therein. *See Walden v. Mosley,* 312 F.Supp. 855, 862 (N.D.Miss.1970) (conviction conclusive proof that charged); *Illinois v. Farner,* 399 Ill.2d 176, 233 N.E.2d 360, 361 (Ill.1968).

The fact that appellant was involuntarily removed from the demanding state is immaterial. All that is required for him to be a fugitive is that he has committed an offense against the laws of Mississippi, the demanding state, and that he is not within the jurisdiction of Mississippi to serve the sentence already imposed. *Pennsylvania v. Haas,* 428 Pa. 167, 236 A.2d 810, 813 (Pa. 1968) (defendant released from federal penitentiary to which he was transferred after conviction in state court).

■ Appellant's last contention under his first ground of error is that a variance between the Mississippi indictment and the Mississippi Governor's demand as to the county where the offense occurred required the Texas Governor not to recognize the demand. We disagree. Nowhere does article 51.13, § 3 require that the county where the alleged offense occurred be specified. Such technical defects do not defeat extradition and are to be decided by the courts of the demanding state. *See Ex parte Bowman,* 480 S.W.2d 675, 676–77 (Tex.Cr.App. 1972) (variance in date of offense in requisition and information). Appellant's first ground of error is overruled.

In his second ground of error, appellant alleges the Texas Governor's warrant was invalid for failing to "substantially recite the facts necessary to the validity of its issuance" as required by art. 51.13, § 7. Appellant's attack on the Governor's warrant parallels the same reasoning as in his first ground of error. We have already dealt with those arguments and it would be

repetitous to discuss them again. Further, section 7 does not in any way require the Governor to recite in the warrant all of the demand requirements of section 3. *Ex parte Ransom,* 470 S.W.2d 692, 693 (Tex.Cr. App.1971). Appellant's second ground of error is overruled.

Appellant, in his third ground of error, attacks the admission into evidence of State's exhibits one through thirteen on the basis that they are hearsay evidence to which no exception applies, that they were not properly authenticated, and that the chain of custody has not been established.[1] In his argument he breaks down the various exhibits and specifies his objections to each. We will deal with his ground of error in the same manner.

■ Appellant contends exhibits one through five,[2] the Texas Governor's warrant, the Mississippi Governor's demand or requisition, and the Mississippi application for requisition were inadmissible hearsay for failure to comply with the official written documents exception, Tex.Rev.Civ.Stat. Ann. art. 3731a (Vernon Supp.1981). Article 3731a, § 2 permits the introduction into evidence in Texas courts official documents and court records of other states and of this State as proof of the matter therein asserted. Only when copies of such documents are introduced must an authentication of the custodian of the records be included. Article 3731a, § 4. Exhibit one, the Texas Governor's warrant, exhibits two and three, the Mississippi demand, and exhibits four and five are all original documents. Certification is not required. *Texas Industrial Trust, Inc. v. Lusk,* 312 S.W.2d 324, 328 (Tex.Civ.App.—San Antonio 1958, writ ref'd).

■ Error is alleged in the introduction into evidence of State's exhibits six through eight, the photographs of the individual sought under the Mississippi Governor's demand. We find appellant waived any error

by making only a "proper predicate" objection to their introduction. *Williams v. State,* 596 S.W.2d 862, 866 (Tex.Cr.App. 1980).

■ Error is also alleged in the introduction into evidence of State's exhibits ten through thirteen, copies of the Mississippi indictment, sentence, and commitment order, on the basis that 28 U.S.C. § 1738 (1970) was not satisfied. 28 U.S.C. § 1738 is intended to implement the full faith and credit clause of the United States Constitution by providing a uniform standard for the introduction into evidence statutes and documents from judicial proceedings of another state. *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir.) *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971). Satisfaction of the requirements of 28 U.S.C. § 1738 compels admission of the items into evidence, but failure to meet them does not result in inadmissability. *Id.* Conformity with the evidentiary requirements of the state where the trial is being held will suffice. *Id.*

■ Exhibits ten through thirteen are stamped, "Attest, A True Copy, Marian Brown, Clerk, Circuit Court, Forrest County, Mississippi." We do not decide, however, whether such an attestation satisfies Tex.Rev.Civ.Stat.Ann. art. 3731a, § 4 (Vernon Supp.1981), and if it does not, whether the exhibits are still admissible under the rule of *Ex parte Martinez,* 530 S.W.2d 578, 581 (Tex.Cr.App.1975). Any error that may have occurred was harmless. This is so because the Texas Governor's warrant established a *prima facie* case and the State was not required to introduce the supporting papers. *Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Cr.App.1980) (en banc opinion on rehearing). Their introduction was surplusage and neither defeated nor supported the State's *prima facie* case.

---

1. We note the arguments are distinct, and while they may be identified, this ground of error presents multifarious joinder of grounds, which this court disapproves. Tex.Code Crim. Pro.Ann. art. 40.09(9) (Vernon 1979).

2. Each page of the documents was assigned a separate exhibit number and thus the exhibit numbers exceed the number of documents introduced.

 Finally, appellant alleges exhibits one through thirteen were inadmissible on the ground that the chain of custody had not been established. Appellant made numerous objections to the admission of these exhibits at the time they were offered, but this specific objection was not made until after they had been offered and admitted. His objection was thus not timely and resulted in failure to preserve the point for appeal. *Swinney v. Winters,* 532 S.W.2d 396, 401–02 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

 In his fourth ground of error, appellant alleges the trial court erred in not granting habeas corpus relief in that Mississippi waived jurisdiction over him by releasing him to the federal authorities without first proceeding to trial on the Mississippi charges. Appellant asserts Mississippi has not adopted the Uniform Criminal Extradition Act and thus common law controls. Appellant fails to realize that the trial court was not requested to take judicial notice of the laws of Mississippi. Tex.R.Civ.P. 184a. In the absence of such a request, the laws of the State of Mississippi are presumed to be the same as those of Texas. *Milner v. Schaefer,* 211 S.W.2d 600, 603 (Tex.Civ.App. —San Antonio 1948, writ ref'd n.r.e.). As appellant has pointed out, art. 51.13, § 25b, states that a granting of extradition under the Act does not result in a waiver by the State of any of its "rights, privileges, or jurisdiction in any way whatsoever." We must presume this to be the law of the State of Mississippi. Further, it has been consistently held that the voluntary release of a prisoner by an asylum state to answer for a crime in the demanding state does not prevent later demand and return to the releasing state. *Ex parte Christmas,* 453 S.W.2d 146 (Tex.Cr.App.1970). Appellant's fourth ground of error is overruled.

Appellant's final and fifth ground of error asserts that based on his previous grounds of error, there was no evidence to support the denial of the writ of habeas corpus. Our disposition of those allegations of error divests this ground of merit. The introduction of the Texas Governor's warrant, regular on its face, established a *prima facie* case. *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). Appellant failed to introduce evidence sufficient to rebut this *prima facie* case. The trial court was correct in denying appellant's application for writ of habeas corpus. The judgment of the trial court is affirmed.

