John STARZL, Appellant,

v.

Regina STARZL, Appellee.

No. 05–82–01329–CV.

Court of Appeals of Texas, Dallas.

Oct. 31, 1984.

John D. Griggs, Pro Bono, Dallas, for appellant.

H. Wayne Meachum, Dallas, for appellee.

Before STEPHENS, VANCE and AL-LEN, JJ.

VANCE, Justice.

Plaintiff Regina Starzl brought suit in the trial court seeking enforcement of a foreign support judgment against her former husband, defendant John Starzl. After a non-jury trial, the trial court entered judgment for plaintiff based on its conclusion of law, *inter alia*, that the foreign judgment is entitled to full faith and credit and enforcement. Defendant's challenge in this court is multifarious but is based primarily on the contention that there is insufficient evidence to establish that the foreign judgment is entitled to full faith and credit. We agree with this contention and, consequently, reverse and remand this cause.

■ Article IV, Section I of the United States Constitution ("the full faith and credit clause") requires that each state give full faith and credit to the public acts, records and judicial proceedings of every other state. *McLendon v. Todd-AO-Corp.*, 546 S.W.2d 653, 654 (Tex.Civ.App.—Beaumont 1977, no writ). A judgment rendered by a court of a sister state and *properly proven* is entitled to the same recognition and the same credit in this state as it would receive in the state where rendered. *Baumgardner v. Southern Pac. Co.*, 177 S.W.2d 317, 319 (Tex.Civ.App.—El Paso 1943, no writ). Before the foreign judgment is entitled to recognition, however, the plaintiff has the burden to establish that the judgment sued upon is a valid, final and subsisting judgment. *Harris v. Harris*, 403 S.W.2d 445, 447 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.).

■ Ordinarily, this burden is fulfilled by meeting the requirements of 28 U.S.C. § 1738 (1966). 28 U.S.C. § 1738 is intended to implement the full faith and credit clause of the United States Constitution by providing a uniform standard for the introduction into evidence of statutes and documents from judicial proceedings of another state. *Noe v. State*, 646 S.W.2d 595, 598 (Tex.App.—San Antonio 1983, pet. granted). Under that statute, where a plaintiff introduces a properly authenticated copy of a foreign judgment, he has established a prima facie case for enforcement of that judgment. *McLendon*, 546 S.W.2d at 654. An authenticated copy of the foreign judgment creates a presumption of the foreign judgment's validity and its entitlement to full faith and credit. *Hart v. Calkins Mfg. Co. Inc.*, 623 S.W.2d 451, 453 (Tex.Civ.App.—Texarkana 1981, no writ). Thereafter, the burden of attacking the judgment shifts to the defendant to bring forth reasons, *e.g.*, a lack of in personam jurisdiction, why the foreign judgment should not be given full faith and credit. *McLendon*, 546 S.W.2d at 654.

■ The first question for this court to determine is whether the judgment admitted before the trial court by plaintiff was properly authenticated as required by 28 U.S.C. § 1738 and therefore entitled to a presumption of validity. Section 1738 provides, in pertinent part, that:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestations of the clerk and seal of the court annexed, if a seal exists, *together with a certificate of a judge of the court that the said attestation is in proper form* (emphasis added).

*See Paschall v. Geib*, 405 S.W.2d 385, 387 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r. e.). It is undisputed that the judgment admitted in this cause does not contain a certificate from a judge of the court that the said attestation is in proper form and, thus, is not in compliance with 28 U.S.C. § 1738.

■ The judgment may, however, still be entitled to enforcement, despite the noncompliance with 28 U.S.C. § 1738. Satisfaction of the requirements of 28 U.S.C. § 1738 compels admission of items into evidence, but failure to meet them does not necessarily result in inadmissibility. Conformity with the evidentiary requirements of the state where the trial is being held will suffice. *Noe*, 646 S.W.2d at 598.

■ Article 3731a, Section 2 of the Texas Revised Civil Statutes permits the introduction into evidence in Texas courts of official documents and court records of other states and of this state as proof of the matter asserted therein, *Noe*, 646 S.W.2d at 598.[1] In the present case, the judgment in evidence was not an original but a copy. In order for a copy of a judgment to be introduced under Article 3731a, Section 2, the judgment must also

1. This cause was tried on September 10, 1982, prior to the effective date of the Texas Rules of Evidence.

meet the proof requirements of Article 3731a, Section 4, which, similar to 28 U.S.C. § 1738, requires not only that the judgment of a court of another state be attested to by its official custodian but also that the judge of a court of record certify that such officer did have official custody. *Hutchins v. Seifert*, 460 S.W.2d 955, 957 (Tex.Civ. App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). Again, it is undisputed that the copy of the judgment admitted before the trial court does not contain a certification from the judge of a court of record that the official custodian did in fact have official custody of the judgment and, thus, is not in compliance with Article 3731a.[2]

This next question, then, for this court to determine is the effect of plaintiff's failure to offer a judgment in compliance with either 28 U.S.C. § 1738 or Article 3731a. Plaintiff has taken the position in this Court that, if this failure was error, it was waived by defendant's failure to object to its admission. While this does dispose of any of defendant's complaints regarding the admissibility of the judgment, it does not address his complaints regarding the sufficiency of the evidence to establish that there is a judgment entitled to full faith and credit and enforcement.

■ Absent proper authentication, the judgment in the present case was hearsay and of no evidentiary value, even though it was admitted in evidence without objection. *Hutchins*, 460 S.W.2d at 957. *See generally Byrd v. Texas Dept. of Human Resources*, 625 S.W.2d 375, 376 (Tex.Civ.App. —San Antonio 1981, no writ) ("The trial court admitted in evidence the purported 1965 judgment of the Christian Circuit Court in Kentucky.... Such purported judgment is unverified, uncertified and unauthenticated. Although the appellant did not except specifically to the introduction of the document, the purported judgment was not entitled to confirmation; it constituted incompetent evidence"); *Neff v.*

*Johnson*, 391 S.W.2d 760, 763–64 (Tex.Civ. App.—Houston 1965, no writ) ("The trial court admitted in evidence the purported 1950 judgment of the Court of Common Pleas ..." Such purported judgment is not certified in any manner, is unauthenticated, and bears no signature whatever. Although appellant did not except to the introduction of such purported judgment, it is of no probative value. Incompetent evidence cannot form the basis of a fact finding or of a judgment regardless of whether an objection to its introduction is lodged. A waiver by failure to object cannot convert incompetent evidence into competent evidence. As a result, there is insufficient evidence in the present case to establish that plaintiff has a foreign judgment entitled to full faith and credit and enforcement. On this basis, the judgment of the trial court is reversed and this cause remanded to the trial court for new trial.

---

**2.** While authentication of a judgment of a sister state may also be accomplished by a witness who has compared the copy offered in the evidence with the original record entry thereof, *Schwartz v. Vecchiotti*, 529 S.W.2d 603, 604

(Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.), the record does not reflect that plaintiff tried to authenticate her judgment in this manner.