**Steven Leroy ZELLERS, Appellant,**

v.

**Ginger Ann Zellers BARTHEL, Appellee.**

No. 2-86-046-CV.

Court of Appeals of Texas, Fort Worth.

April 1, 1987.

Walter E. Steimel, Forth Worth, for appellant.

Ginger Ann Zellers Barthel, pro se.

Before FARRIS, KELTNER and HARRY HOPKINS (Retired, Sitting by Assignment), JJ.

OPINION

KELTNER, Justice.

In this appeal we are presented with the question of whether a trial court's order, which does not dispose of all issues before the court, is final so as to give this court jurisdiction to hear the merits of the controversy. We find that the judgment is not final and as a result dismiss the purported appeal for want of jurisdiction.

The rule of finality of judgments is easy to state. An appeal may only be taken from a final judgment of a district or county court. TEX.CIV.PRAC. & REM.CODE ANN. sec. 51.012 (Vernon 1986). The golden rule on finality is simple to state; however, it has proved difficult to apply in practice. As our Supreme Court has recognized, the rule that an appeal may be taken only from a final judgment "is deceiving in

its apparent simplicity and vexing in its application." *Allen v. Allen*, 717 S.W.2d 311, 312 (Tex.1986); *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966).

The landmark case in this area is the *Aldridge* case. The Texas Supreme Court announced the rule, now known as the *"Aldridge* Rule," which was designed to do away with the most common "finality" problems:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174 ..., it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a "case" within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation [which declines to invoke the presumption where the action is dismissed, nonsuited or abated]; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants.

*Aldridge*, 400 S.W.2d at 897–98.

■ The *Aldridge* Rule is better understood when outlined. The general rule is that the trial court intended to, and did dispose of all parties and all issues raised by the pleadings. However, there are four major exceptions to the rule.

(1) The presumption does not apply to inherently interlocutory orders such as a partial summary judgment. *Houston Health Clubs v. First Court of Appeals*, 722 S.W.2d 692 (Tex.1986) (per curiam); *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984); *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200, 201 (1959).

(2) The presumption does not apply to dispositions of cases which do not adjudicate the issues before the parties, such as nonsuits and abatements. *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377 (1941).

(3) The presumption likewise does not apply to cases not set for conventional trial on the merits. For example, the presumption does not apply to summary judgments, whether final or not. *Houston Health Clubs*, 722 S.W.2d 692; *Springwoods Shopping Ctr. v. University Sav.*, 610 S.W.2d 177, 178 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

(4) Finally, the presumption does not apply to judgments that affirmatively reserve some ultimate issues or decisions for future adjudication. For example, divorce judgments which expressly reserve the issue of child support or property division will not be given the presumption of finality.[1] *Kelley v. Kelley*, 583 S.W.2d 671, 674 (Tex.Civ.App.—Austin 1979, writ dism'd).

The Supreme Court noted in *Aldridge* that most finality problems arise with the drafting of the judgment and could be solved by careful drafting:

> Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple state-

---

**1.** However, simply because judgment contemplates future action does not mean that the judgment was necessarily interlocutory. The questions of whether a judgment is final for purposes of appeal depends on peculiar facts of each case. The following are examples of the problem:

... A judgment in which a court ordered a future accounting, dividing profits during a limited period was held to be final and appealable. *Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945 (1960).

... A judgment, providing a credit for amounts paid by defendants on a judgment in another suit, was held to be final and appealable. *Hargrove v. Insurance Inv. Corp.,* 142 Tex. 111, 176 S.W.2d 744 (1944).

... A statement of divorce decree retaining continuous jurisdiction to take further action with respect to visitation based upon changed circumstances and conditions did not affect the finality of the decree. *Gani v. Gani,* 495 S.W.2d 576 (Tex.1973).

ment that all relief not expressly granted is denied.

*Aldridge,* 400 S.W.2d at 898.

Unfortunately, the order complained of was either not intended to be a final judgment or was not drafted with the caution suggested by the Supreme Court in *Aldridge.*

■ In applying the *Aldridge* Rule to this case, we are confronted with a series of litigation that spans over ten years. Ginger Zellers Barthel (Barthel) and Steven Zellers (Zellers) were divorced in Indiana in 1975. In 1981, Zellers returned to the same Indiana court and sought a reduction in child support after he had fallen behind on other obligations to Barthel under the divorce decree. As a result, the Indiana court reduced child support to $90.00 per week per child and awarded judgment to Barthel in the amount of $3,388.00 on the other obligations. In 1984, Barthel returned to court in Tennessee, seeking the enforcement of the Indiana judgment, past unpaid child support and unpaid medical bills under the Indiana divorce decree. She also sought an increase in child support. The Tennessee court denied the increase in child support, but awarded Barthel a judgment of $6,008.04, representing the amount due under the Indiana judgment, past child support and past medical bills owed by Zellers.

In 1985, the instant case was filed by Barthel. In her original suit, she sought only the enforcement of the Tennessee decree under TEX.CIV.PRAC. & REM.CODE ANN. sec. 35.003 (Vernon 1986). However, no further action was taken on the enforce-

ment of a foreign judgment. Instead, Barthel next filed a "Motion To Modify In A Suit Affecting The Parent-Child Relationship." In this motion, Barthel sought only an increase in child support from the previous court orders.[2] As a result, it is obvious that Barthel was attempting to modify a foreign divorce decree. Zellers denied any changed circumstances that would justify increased child support and asked for increased visitation rights.

After a hearing, the trial judge entered an order. The order reflects that the hearing was held on both the "Movant's Motion to Modify in Suit Affecting the Parent-Child Relationship and on Respondent's Cross-Motion to Modify in Suit Affecting the Parent-Child Relationship." However, the order only increased the child support. The only mention of the visitation issue is one sentence in the judgment which states:

> The Court took no action with regard to the request of visitation modification filed by STEVEN LEROY ZELLERS.

Additionally, our record reflects that the trial court never took any action on the motion to enforce the Tennessee judgment. The order is silent as to the court's intention on that issue.

■ It is our opinion that the "Order on Motion to Modify in Suit Affecting Parent-Child Relationship" is not a final, appealable order. The order, by its very terms, does not dispose of all issues before the court. As a result, it falls within the fourth exception to the *Aldridge* rule because it reserves an ultimate issue for future adjudication. *See Kelley,* 583 S.W.2d at 764.[3]

---

2. The original suit was filed in April, 1985. The "Motion To Modify In A Suit Affecting The Parent-Child Relationship" was filed in the same cause number on September 24, 1985. We cannot help but note that prior to September 1, 1985, Texas courts did not have the authority to modify foreign divorce decrees, only to enforce them. However, since that date, Texas courts have had the power to modify foreign divorce decrees if certain requisites are met. TEX.FAM. CODE ANN. sec. 21.65 (Vernon 1986).

3. Actually, very little needs to be done to obtain a final judgment. On appeal, we have been informed that Barthel does not wish to further pursue her enforcement of the Tennessee judg-

ment. As a result, the visitation issue appears to be the only outstanding matter for consideration.

However, we notice that Barthel did not file a petition for registration and did not seek an order of confirmation under the Reciprocal Enforcement of Support Act, TEX.FAM.CODE ANN. secs. 21.64–21.66 (Vernon 1986). It is necessary to have an order of confirmation in order to effect a modification of a foreign order. TEX.FAM.CODE ANN. sec. 21.66 (Vernon 1986). *Starzl v. Starzl,* 686 S.W.2d 203, 206 (Tex.App.—Dallas 1984); *Byrd v. Texas Dept. of Human Resources,* 625 S.W.2d 375, 376 (Tex.App.—San

As a result, we dismiss this purported appeal for want of jurisdiction.

Antonio 1981); *Neff v. Johnson,* 391 S.W.2d 760, 763–64 (Tex.Civ.App.—Houston 1965).