James FARLEY, Appellant,

v.

Constance FARLEY, Appellee.

No. 05–86–00497–CV.

Court of Appeals of Texas, Dallas.

June 2, 1987.

James Paul Wheeler, Rockwall, for appellant.

Ronald E. Deutsch, Dallas, for appellee.

Before WHITHAM, BAKER and LAGARDE, JJ.

LAGARDE, Justice.

James Farley appeals by writ of error from a default judgment in this suit to modify child support. Constance Farley brought suit in Texas, seeking to modify a California judgment which ordered James to pay $175 per month as support for the parties' child. After a trial before the court, the trial court rendered judgment nunc pro tunc increasing the child support to $1,150 per month. We affirm.

In his first two points of error, James contends that the evidence is legally and factually insufficient to establish that the California judgment was a valid, subsisting final judgment entitled to full faith and credit and subject to modification by the Texas court. He contends that the copy of the judgment introduced into evidence failed to satisfy section 1738 of title 28 of the United States Code, articles 35.001 through 35.008 of the Texas Civil Practice and Remedies Code, and sections 21.61 through 21.66 of the Texas Family Code. Thus, citing *Starzl v. Starzl*, 686 S.W.2d 203 (Tex.App.—Dallas 1984, no writ), James contends that the copy of the California decree introduced into evidence at trial was hearsay and lacked probative value.

At the outset, we note that James's argument is based on the proposition stated in *Starzl* that "absent proper authentication, the judgment ... was hearsay and of no evidentiary value, even though admitted into evidence without objection." *Starzl*, 686 S.W.2d at 206. This reliance is misplaced. *Starzl* was decided under the former rules of evidence. Since September 1, 1983, however, when the present rules of evidence were adopted, rule 802 has specifically provided that inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. *See Furr's Supermarket, Inc. v. Williams*, 664 S.W.2d 154, 157 (Tex.App.—Amarillo 1983, no writ); TEX.R.EVID. 802. However, for the reasons that follow, we hold that the copy of the California decree introduced into evidence in the present case was not hearsay.

Article IV, section 1 of the United States Constitution requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state. *Starzl,* 686 S.W.2d at 205; *McLendon v. Todd-AO-Corp.,* 546 S.W.2d 653, 654 (Tex.Civ.App.—Beaumont 1977, no writ). In order to implement the full faith and credit clause, Congress passed 28 U.S.C. § 1738 (1964), by which it sought to provide a uniform standard for introducing into evidence documents from judicial proceedings of another state. *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir.), *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971).

■ To be entitled to full faith and credit in another state under 28 U.S.C. § 1738, the judgment must be attested to by the clerk of the court rendering the judgment and the seal of the court, if a seal exists, must be affixed. In addition, a certificate of a judge of the court that the attestation is in proper form must accompany the judgment. *Paschall v. Geib,* 405 S.W.2d 385, 387 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.); 28 U.S.C. § 1738 (1964). In the present case, Constance concedes that the copy of the California judgment introduced into evidence failed to satisfy the requirements of 28 U.S.C. § 1738, because, although it contained the clerk's signature and seal attesting that the copy of the judgment was a true and correct copy of the original, it did not contain a certificate of the judge of the court that the attestation was in proper form. Likewise, Constance does not contend that the requirements for enforcing foreign judgments or foreign child support orders contained in the Texas Civil Practice and Remedies Code and the Texas Family Code were met. She argues, however, that a foreign judgment may still be entitled to full faith and credit under article IV of the United States Constitution if the judgment is otherwise properly authenticated. We agree.

■ Satisfaction of the requirements of 28 U.S.C. § 1738 compels admission of a foreign judgment into evidence, but failure to satisfy those requirements does not render the judgment inadmissible. *Noe v.*

*State,* 646 S.W.2d 595, 598 (Tex.App.—San Antonio), *aff'd,* 654 S.W.2d 701 (Tex.Crim. App.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 497, 78 L.Ed.2d 689 (1983) (*citing Donald,* 445 F.2d at 606). Conformity with the evidentiary requirements of the state where trial is being held will suffice. *Id.* In the present case, the copy of the judgment introduced into evidence at trial satisfied the requirements of rule 902 of the Texas Rules of Evidence.

■ Rule 902(4) of the Texas Rules of Evidence provides that a copy of a document authorized to be filed and actually filed in a public office may be introduced into evidence if it is certified as correct by the custodian in accordance with rule 902(1), (2), or (3) of the Texas Rules of Evidence. TEX.R.EVID. 902(4). Rule 902(1) provides:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(1) Domestic public documents under seal.** A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

TEX.R.EVID. 902(1). The copy of the judgment introduced by Constance at trial carried the notation "this instrument is a correct copy of the original on file in this office." It was attested to by the county clerk and clerk of the Superior Court of California in Orange County and carried the seal of that court. Thus, the judgment was properly authenticated so as to be admissible at trial. Constance testified that the judgment was the final judgment in her divorce case. Once properly admitted, the judgment was both some evidence, and sufficient evidence, that a valid, subsisting final judgment, entitled to full faith and credit and subject to modification by the trial court, existed. Accordingly, we overrule James's first two points of error.

In his third and fourth points of error, James contends that the evidence is legally and factually insufficient to show the amount of his earnings upon which the child support payments could be modified. At trial, Constance introduced into evidence a copy of what purports to be James's "1984–1099" form from the Internal Revenue Service. That document shows that in 1984, James earned $151,104.49. Constance also introduced into evidence a document purporting to be an "earnings and production report" from James's employer. Constance did not identify the documents, nor was any other predicate laid for the introduction of these documents.

The two documents concerning James's income were clearly hearsay. *See* TEX.R.EVID. 801. Constance argues, however, that the trial court may modify child support payments if evidence is introduced concerning a material and substantial change in the circumstances of the child or any other person affected by the decree since the decree was entered. *See* TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon 1986). Because materially and substantially changed circumstances may be shown *either* by evidence of increased need for necessities since entry of the original order *or* by evidence of the obligor's increased financial ability to pay, *see Holt v. Holt*, 620 S.W.2d 650, 651 (Tex.Civ.App.—Dallas 1981, no writ); *Strauss v. Strauss*, 619 S.W.2d 18, 19 (Tex.Civ.App.—Corpus Christi 1981, no writ), Constance argues that her testimony at trial that the expenses and needs of the child had increased since the entry of the original decree was sufficient to support modification of the child support payments. Ordinarily, we would agree. Here, however, the California decree ordering James to pay $175 per month as child support provided that "said support shall be nonmodifiable as long as the net annual income of [James] does not exceed $15,000." Thus, in order to show that the California decree could be modified, it was incumbent upon Constance to show that James's annual net income now exceeds $15,000. The only proof offered by Constance to show that James's annual net income now exceeds $15,000 were the two hearsay documents and Constance's testimony that "based upon the information received from [James's employer]", James's income now exceeds $15,000. This testimony, based on hearsay, was also inadmissible. *See Southwest Title Insurance Co. v. Northland Building Corp.*, 542 S.W.2d 436, 447 (Tex.Civ.App.—Fort Worth 1976), *rev'd in part on other grounds*, 552 S.W.2d 425 (Tex.1977) ("[i]n general, statements of the witness which [are] based upon information received from communications of others to the witness is hearsay"); *Texas Power & Light Co. v. Adams*, 404 S.W.2d 930, 942–43 (Tex.Civ.App.—Tyler 1966, no writ) (expert's testimony based on hearsay is inadmissible). Thus, we must determine what effect this hearsay evidence has upon the sufficiency of the evidence.

Under former rule 373 of the Texas Rules of Civil Procedure, which was in effect at the time of trial in the present case, if a party had no opportunity to object to a ruling or order, the absence of an objection did not prejudice the party. Accordingly, this court recently held that in an appeal by writ of error from a default judgment, properly assigned error that appears in the record may be reviewed in the absence of an objection at trial. *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640, 646–47 (Tex.App.—Dallas, 1987, no writ). In the present case, although James also appeals by writ of error from a default judgment, it is important to note that James does not complain that the trial court erred in admitting into evidence the documents concerning his current annual net income. Thus, no properly assigned error complaining of the admissibility of the documents is before us. Instead, James complains that the evidence is legally and factually insufficient to show his current annual net income. As we have previously noted, inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. TEX.R.EVID. 802. Thus, the rule announced in *First Dallas Petroleum* is inapplicable to the present case. The complained-of evidence, even if objectionable, is

competent evidence and is legally and factually sufficient to show that James's annual net income exceeds $15,000. This satisfied Constance's burden of showing that the California judgment was subject to modification and Constance's testimony that the expenses and needs of the child had increased since the entry of the original decree is legally and factually sufficient to support the trial court's judgment increasing the child support. We overrule James's third and fourth points of error.

In his fifth and sixth points of error, James contends that the trial court erred in awarding Constance $1,662 as attorneys' fees. At trial, Constance's attorney testified concerning his hourly rate and the number of hours he spent preparing the case. He further testified that a fee of $1,662 would be "reasonable and customary in Dallas County, Texas" in this type of suit. James argues, however, that because Constance's attorney did not testify that the fees were necessary, and because the testimony showed that the fee was reasonable in Dallas County, while this suit was brought in Rockwall County, the evidence is legally and factually insufficient to support the attorneys' fee award. We disagree. Proof that attorneys' fees are necessary, apart from testimony as to the reasonableness of the fee, is not required. *See Prairie Valley Independent School District v. Sawyer*, 665 S.W.2d 606, 611 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.) (attorneys' fees awarded under article 2226 of the Texas Revised Civil Statutes). In addition, proof that the fee is reasonable and customary in the particular county in which the case is tried is not required; rather, testimony concerning the amount charged by attorneys in the general locality or area is sufficient. *Brazos County Water Control and Improvement Dist. v. Salvaggio*, 698 S.W.2d 173, 178 (Tex.App.—Houston [1st Dist.] 1985, no writ). We overrule James's fifth and sixth points of error.

The trial court's judgment is affirmed.