De Ann STOCKER, Appellant,

v.

Eugene S. MAGERA, Appellee.

No. 9712.

Court of Appeals of Texas,
Texarkana.

Feb. 27, 1990.

Rehearing Denied March 27, 1990.

Gary L. Waite, Paris, for appellant.

Christopher N. Hoover, Dallas, for appellee.

BLEIL, Justice.

De Ann Stocker appeals from the trial court's order on her motion to modify child support. The issues concern whether the trial court committed errors to the extent that its action on the motion to modify amounted to an abuse of discretion. We find no abuse of discretion and affirm.

Stocker contends that the trial court's errors in its findings of fact caused it to abuse its discretion when setting child support. The trial court increased child support from $167.50 per month to $240.00

per month.[1] The trial court found that the amount of net resources available to Eugene Magera per month is $3,072.44, and that he received an additional automobile expense allowance of $180.00.[2] The trial court also found that the amount of net resources available to Stocker could not be determined under the evidence. Tex.Fam. Code Ann. § 14.053(g) (Vernon Supp.1990) provides that the court *shall* require the parties to furnish sufficient information to enable it to accurately identify their net resources and abilities to provide child support. *See Morris v. Morris,* 757 S.W.2d 466, 467 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Inasmuch as this provision is mandatory, the trial court erred in failing to require that such information be furnished. However, because the trial court considered Stocker's earning potential as shown by her education and qualifications as a rationale for its decision, rather than her present income, the error was not calculated to cause the rendition of an improper judgment. Thus, reversal of the judgment because of this error is not warranted. Tex.R.App.P. 81(b)(1).

■ Stocker also maintains that the trial court abused its discretion in setting child support. Generally, the setting of child support by the trial court will be reversed on appeal only on a finding of a clear abuse of discretion by the trial court. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982); *Rocha v. Villarreal,* 766 S.W.2d 895, 898 (Tex.App.—San Antonio 1989, no writ). The standard for determining whether a trial court has abused its discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Opera-*

tors, Inc., 701 S.W.2d 238 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Levermann v. Cartall,* 715 S.W.2d 728 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.).

The trial court found that the amount of net resources available to Magera is $3,072.44 per month and that the range of support per month under the guidelines is between $560.96 and $703.04. Utilizing the findings made in accordance with the rule, the trial court set child support at approximately eight percent of Magera's net income. In setting child support at an amount less than recommended by the guidelines, the trial court considered that the parties had entered into a contract for support which was not to be increased and for which Magera's estate was to be liable should he die. Further, Magera had contributed over $13,000.00 for support of his children in the two years before the hearing. Also significant to the trial court were these facts: Stocker has a Bachelor's Degree in history, a Master's Degree in architecture and design, and a Master's Degree in engineering technology. The trial court concluded that she could earn income equal to Magera's or perhaps more and is equally responsible for the support of the child subject to the modification order. Based upon these considerations, the trial court increased support to $240.00 per month, an amount it found to be about one half of the support under the guidelines.

■ After examining the reasons given by the trial court in declining to set child support payments within the suggested guidelines, we conclude that the trial court did not abuse its discretion in making the findings discussed.[3] This conclusion does

---

1. De Ann Stocker had initially contended that the trial court committed reversible error in failing to follow the dictates of the Child Support Guidelines (Order of the Supreme Court of Texas, Child Support Guidelines, Tex.Fam.Code Ann. § 14.05, et seq. (Vernon 1986 & Supp. 1990)) promulgated by the Supreme Court. We abated the appeal and remanded the cause to the trial court to make findings in accordance with the rule. The findings have now been made and filed.

2. It appears that the trial court may have erroneously disregarded the $180.00 per month paid

to Magera by his employer for the use of an automobile. Tex.Fam.Code Ann. § 14.054(8) (Vernon Supp.1990) specifically provides that this shall be considered as income in determining the net resources of a party. If so, however, this error is also not calculated to cause the rendition of an improper judgment and thus does not require reversal.

3. The Supreme Court's Child Support Guidelines permit a court to consider the earning potential of a voluntarily unemployed or underemployed parent. *Anderson v. Anderson,* 767 S.W.2d 163, 165 (Tex.App.—Houston [14th Dist.] 1988, no

not necessarily mean that we would have set the support in a like manner, or that we agree that the support set is the most appropriate amount. The guidelines are only intended to serve as guidance for the trial court and should be considered in context with other factors in determining child support.

■ Another question presented on this appeal concerns Stocker's claim that the trial court erred in setting an amount of child support "plus medical insurance." Under Tex.Fam.Code Ann. § 14.053(d) (Vernon Supp.1990), the guidelines assume that the court will order the obligor to provide health insurance coverage in addition to the amount of child support calculated pursuant to the guidelines. It appears that the trial court has strictly complied with this provision by calculating the amount of support and additionally requiring that Magera provide health insurance coverage. Stocker shows no error in this regard.

We affirm the judgment of the trial court.

writ); *LeBlanc v. LeBlanc,* 761 S.W.2d 450, 454 (Tex.App.—Corpus Christi 1988), *writ denied per curiam,* 778 S.W.2d 865 (Tex.1989).