David KISH, Appellant,

v.

O'Leta (Kish) KOLE, Appellee.

No. 09–93–025 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Dec. 16, 1993.

Decided April 7, 1994.

**836**

James Sparks, Jr., Jack Lawrence, Beaumont, for appellant.

Elizabeth C. Petit, Peterson, Petit & Peterson, L.L.P., Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS.

## OPINION

WALKER, Chief Justice.

Appellant, David Kish, and appellee, O'leta (Kish) Kole, were married on October 30, 1987. One child, Jennifer Kish, was born September 8, 1988. Ultimately, the family settled in Stark County, Ohio, where appellee filed for divorce. Appellee then returned with her daughter to Beaumont, Jefferson County, Texas. Soon thereafter the appellant relocated to Beaumont. The Ohio divorce proceeding was held October 22, 1991, with final decree of divorce being entered, March 9, 1992. Appellee was granted custody of Jennifer. Appellant was ordered to pay $179.00 per month as child support pursuant to the Ohio Order. Appellant was also "ordered to diligently seek work commensurate with his abilities." He had not done so thus far, even though previously ordered to do so. On May 20, 1992, appellee filed a suit affecting parent child relationship requesting the Jefferson County court to increase child support payments commensurate with appellant's earnings and/or earning potential.

Trial was held in the 279th Judicial District Court, Honorable Robert P. Walker, presiding. Evidence was heard on December 10, 1992, and the trial court entered its order of modification on December 29, 1992. The trial court determined that a substantial and material change in circumstances and conditions had taken place between the parties since the entry of the Ohio decree of divorce; that appellant was currently employed by Patton Homes, Inc.; that if child support were set according to his earnings and benefits, child support would be set at $340.00 per month. However, the court found that appellant was voluntarily underemployed and had a current earning capacity of $40,000.00 per year. The trial court then obligated appellant to pay as child support the sum of $500.00 per month and further ordered that any employer of appellant should withhold the court-ordered child support from appellant's earnings. It is from this order of December 29, 1992, that appellant pursues his appeal.

Appellant requested findings of fact and conclusions of law by the Jefferson County trial court. Findings and conclusions were signed and entered by said trial court on February 16, 1993.

Appellant brings six points of error principally directed toward the trial court's finding of underemployment by the appellant, the withholding from earnings of child support, and a general abuse of discretion by the trial court in calculating the child support awarded.

Factually, at the time of the divorce in Ohio, appellant was employed by Tom Bailey, a home builder in the Beaumont area. At the time of the evidentiary hearing in the trial court, appellant became employed by a family owned construction company in which he received a salary of $1,000.00 per month. Appellant also received benefits from this family owned company, to-wit: a pick-up truck which appellant used for personal and business purposes; company paid insurance and gasoline, and company paid telephone and utility service. Appellant also testified that he was able to sell his personal vehicle and retain the cash. Appellant also testified that he received cash from family members. A manager of a local construction company testified that the superintendent for their company who performed duties comparable to appellant was receiving a base salary of approximately $40,000.00 a year and in addi-

tion would receive bonuses depending on the business climate.

■ Appellant's first point of error contends trial court error on constitutional grounds. Appellant says that the Texas Equal Rights Amendment was violated by the trial judge in failing to consider the mother's earning potential and instead, basing his determination wholly on the father's earning potential. TEX. CONST. art. 1, § 3a. To sustain this point we must find that the trial court abused its discretion and acted without reference to any guiding rules or principles, and, in fact, acted arbitrarily and unreasonably. *Worford v. Stamper,* 801 S.W.2d 108 (Tex.1990); *see Friedman v. Friedman,* 521 S.W.2d 111 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). We refuse to do so and find that the court acted within the guidelines of TEX.FAM.CODE ANN. §§ 14.052 and 14.053 (Vernon Supp.1994) in considering the needs of the child and the ability of both parents to contribute to her support. Appellant alleges that the trial court failed to consider the mother's earning potential. The court found and so reported in its findings of fact that the net resources available to appellee were approximately $1,540.00 per month. Appellee testified that she was employed by Troy & Nichols Mortgage Company and that she had recently purchased a home. Her house note was $500.00 per month. She also testified that as Jennifer's age increases her needs and expenses likewise increase. We find that there was sufficient evidence before the court which the trial judge considered in making the above finding of fact. Appellant's first point of error is overruled.

■ Appellant next complains that the trial court should not have ordered the withholding of earnings for child support. Appellant asserts that by virtue of TEX.FAM.CODE ANN. § 14.43(a)(3) (Vernon Supp.1994) and because this action is a motion to modify, the fact that appellant has not been in arrears on his child support requires this Court to overrule the trial court in ordering the withholding of child support from appellant's earnings. The Ohio Court was faced with this situation and ordered payment of child support by wage withholding. The Jefferson County trial court admitted the Ohio decree into evidence and as such it established a prima facie case in favor of its enforcement. *Nunez v. Nunez,* 771 S.W.2d 7 (Tex.App.—San Antonio 1989, no writ). Appellant failed to meet his burden of showing that the properly authenticated foreign judgment from Ohio for child support was not entitled to full faith and credit. *Id.* at 9. The Ohio decree is entitled to full faith and credit in this State and is entitled to enforcement in this jurisdiction. *Farley v. Farley,* 731 S.W.2d 733 (Tex.App.—Dallas 1987, no writ). In the case before us we see no error in the trial court incorporating those terms from the Ohio decree into a subsequent decree issued in this State based on a motion to modify. *Id.* at 737. We therefore overrule appellant's second point of error.

■ Appellant's third point of error attacks the trial court judgment for not allowing an offset against the child support for the health insurance coverage paid by appellant for the minor child. We note that appellant pays approximately $60.00 per month for medical insurance for the minor child. The court is required to order that health insurance be provided for the child, in this case by the appellant. TEX.FAM.CODE ANN. §§ 14.-053(d) and 14.061 (Vernon Supp.1994). This is in addition to the child support ordered by the court. *Thompson v. Thompson,* 827 S.W.2d 563 (Tex.App.—Corpus Christi 1992, writ denied). Point of error three is overruled.

■ In point of error four appellant alleges that there was insufficient evidence for increasing the appellant's child support obligation above the guideline levels. Appellant further alleges that "necessaries" were improperly used as evidence in calculating his available resources. When the factual sufficiency of evidence on a particular issue is attacked we will consider all of the evidence and set aside the trial court's findings only if they are so contrary to the overwhelming

weight as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175 (Tex. 1986). The term "net resources" as defined by TEX.FAM.CODE ANN. § 14.053(b) (Vernon Supp.1994) includes wage and salary income, all other compensation for personal services, all other income actually being received, gifts, and any additional factors that increase or decrease the ability of the obligor to make child support payments. This section specifically provides that if an obligor is underemployed, the court may apply the guidelines in section 14.053 to the earning potential of the obligor. TEX.FAM.CODE ANN. § 14.053(f) (Vernon Supp.1994).

TEX.FAM.CODE ANN. § 14.054 (Vernon Supp.1994), titled "Evidentiary Factors", provides guidelines for courts in determining the amount of support, by requiring a consideration of evidentiary factors including the age and needs of the child, and company (employer) benefits such as an automobile, housing, and other expenses provided to the obligor. The trial court judgment is supported by the evidence. We overrule appellant's point of error four.

■ In point of error five appellant alleges that the trial court erred by increasing appellant's child support obligation because there was insufficient evidence of a material and substantial change between the date of the Ohio divorce decree and the date of the Jefferson County trial court's order. TEX. FAM.CODE ANN. § 14.056(a) (Vernon Supp. 1994) provides in part that "[i]f the amount of support of a child contained in the order sought to be modified is not in substantial compliance with the guidelines, this may warrant a modification of a prior order in accordance with the guidelines if the modification is in the best interest of the child." Appellant seemingly alleges that the Ohio decree properly set child support obligations for the appellant. We acknowledge that the Ohio court found appellant to be underemployed, nevertheless, child support was based on his actual income. This is sufficient under the statute to satisfy the requirement of change of conditions. We also note the Ohio Court

Order falls short of child support requirements pursuant to Texas guidelines. We have previously determined that appellant was employed by Tom Bailey at the time of the Ohio divorce, but at the time of the evidentiary hearing before the Jefferson County court, appellant was employed by a family owned business as the sole employee. Appellant further acknowledged that he was receiving additional yearly interest income and, in fact his father was keeping $12,000.00 for him which could draw interest. Appellant further admitted receiving benefits from the family owned business known as Patton Homes, Inc., which he did not receive from Tom Bailey, to-wit: a truck (including insurance and gasoline), telephone service, electrical service, and spa membership. Appellant also acknowledged receiving gifts of cash totalling $2,400.00 from his brother, an officer or a member of the board of directors of Patton Homes, Inc. Appellant had also received $3,000.00 from his father, claiming it to be his own money. We find that the change of conditions found by the trial court was supported by the evidence. *Compare S.A.B.S. v. H.B.*, 767 S.W.2d 860 (Tex.App.— Corpus Christi 1989, no writ). Point of error number five is overruled.

■ Appellant's point of error six alleges error on the part of the trial court in finding that he was underemployed, thereby increasing his child support obligation by $160.00 per month. A parent's ability to pay child support is not limited to current earning but extends to the actual earning potential of the obligor. TEX.FAM.CODE ANN. § 14.053 (Vernon Supp.1994). A parent cannot avoid his obligation to support his minor children by voluntarily remaining unemployed, *Giangrosso v. Crosley*, 840 S.W.2d 765 (Tex.App.— Houston [1st Dist.] 1992, no writ), nor by being voluntarily underemployed. *Anderson v. Anderson*, 767 S.W.2d 163 (Tex.App.— Houston [14th Dist.] 1988, no writ).

Appellant attacks the finding of the court that appellant was underemployed, alleging the factor is not adequately defined by the Texas Family Code. While we agree that it

requires a subjective examination, nevertheless, certain factors have been recognized by the courts in determining voluntary underemployment and unemployment. Some of these factors include education, *Giangrosso*, 840 S.W.2d at 770, economic adversities and business reversals, *Finch v. Finch*, 825 S.W.2d 218 (Tex.App.—Houston [1st Dist.] 1992, no writ), business background and earning potential. *Thompson*, 827 S.W.2d at 568.

We find the trial court's determination that the appellant was underemployed to be supported by the record and the trial court properly followed the guidelines set out by the Texas Family Code. We overrule all of appellant's points of error.

We need not reach appellant's point of error seven which seeks a remittitur. We affirm the trial court's judgment.

AFFIRMED.