mcclendon 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-184-CV





EDWIN DAWSON MCCLENDON, JR.,



 APPELLANT


vs.





SUSAN L. HAY,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT



NO. 93-738-F26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING



 





 Appellant Edward McClendon appeals from a district court order modifying the
amount of child support he is required to pay appellee, Susan Hay, each month for the
maintenance of their two minor children. McClendon claims that the district court abused its
discretion by setting the monthly child support at a level that is unreasonable in light of his net
resources and is in violation of the guidelines established by the Texas Family Code. See Tex.
Fam. Code Ann. § 14.055 (West Supp. 1994). We will affirm the district court's order.



DISCUSSION


 McClendon and Hay were divorced in Dallas County in June 1987. As part of the
final divorce decree, Hay was named managing conservator of the couple's two minor children
and McClendon was ordered to pay child support of $600 per month or 25% of his net income,
whichever was greater. The suit was transferred to Williamson County by an agreed order in
June 1993. In October 1993, McClendon moved to modify the original divorce decree and reduce
his obligation for child support, claiming that his circumstances had "materially and substantially
changed." See id. §§ 14.056, .08(c)(2). Hay counterclaimed for (1) reimbursement of past
medical expenses not covered by insurance and payment of one-half of the children's insurance
premiums and one-half of future non-covered medical expenses; (1) and (2) modification of
McClendon's visitation rights.

 The parties stipulated to a visitation schedule and to McClendon's liability for past
and future medical expenses not covered by insurance. The parties also agreed that McClendon
would pay Hay $100 per month in lieu of providing medical insurance for the children. 
Consequently, the only contested issue for the court's determination was the amount of
McClendon's monthly child support payment. The parties agreed to submit the issue on limited
documentary evidence and arguments of counsel, without oral testimony. Based on the evidence
and the Family Code guidelines, the district court found McClendon to have net monthly
resources of at least $2800 and set child support payments at $700 per month. See id. § 14.055(b)
(child support guideline percentage for two children is 25%).

 In points of error one, three, four, six and seven, McClendon asserts that the
evidence was factually insufficient to support the district court's finding of net resources and that
the court therefore abused its discretion in setting the amount of McClendon's child support
payments. "A court's order of child support will not be disturbed on appeal unless the
complaining party can show a clear abuse of discretion." Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990). A trial court abuses its discretion if it acts without reference to any guiding
rules or principles, and such action is therefore arbitrary and unreasonable. Id.

 Based on the limited employment records from the two jobs that McClendon held
at the time of the hearing and from federal income tax returns, the trial court found that
McClendon has the ability to earn in excess of $50,000 annually. One pay stub from
McClendon's first employer reflected gross monthly income of $4,276 in November 1993; three
pay stubs from his second employer reflected average weekly earnings of $833 in September 1993. 
His 1991 tax return reflected wages of $51,319 ($4,275 per month), while his 1992 tax return
reflected wages of $19,618 ($1,635 per month). There was argument to the court that
McClendon's earnings were derived from commissions on sales and could vary greatly. Perhaps
the court took this argument and McClendon's diminished earnings in 1992 into account when it
calculated monthly net resources to be $2800, a figure substantially less than the net monthly
income based on McClendon's most recent wage statements or his 1991 income. Applying the
statutory tax charts the court is instructed to use in computing net monthly income, gross monthly
wages of $4276 produce net monthly income of approximately $3,120; gross weekly wages of
$833 ($3610 per month) produce net monthly income of approximately $2700. See Tex. Fam.
Code Ann. § 14.053(h) (West Supp. 1994) (net income derived from gross wages by deducting
allowable social security, Medicare, and federal income taxes). Furthermore, argument was
presented, with no evidence to the contrary, that McClendon was currently working two jobs;
hence, the trial court was entitled to consider the combined income from both jobs in calculating
McClendon's resources. Instead, the trial court applied the statutory child support guidelines to
a net monthly resources amount of only $2800, an amount substantially less than that the court
could have used based on the cursory evidence before it.

 The essence of McClendon's factual sufficiency argument is that the trial court
erroneously considered only his most recent income in determining his net resources and did not
properly account for the historical fluctuations in his earnings. When reviewing a court's findings
for factual sufficiency of the evidence, we must consider and weigh all the evidence and should
set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re Estate of
King, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex.
1986). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence," 69 Tex. L. Rev. 515 (1991). We attach to a court's findings of fact the
same weight that we attach to a jury's verdict upon jury questions. City of Clute v. City of Lake
Jackson, 559 S.W.2d 391, 395 (Tex. Civ. App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). 
Accordingly, if evidence exists on both sides of a fact dispute, we will not substitute our judgment
for that of the trier of fact merely because we might have reached a different conclusion. Otis
Elevator Co. v. Joseph, 749 S.W.2d 920, 923 (Tex. App.--Houston [1st Dist.] 1988, no writ). 
Moreover, when reviewing a trial court's decision under an abuse of discretion standard, we do
not consider legal and factual sufficiency of the evidence as independent grounds of reversible
error, but rather as relevant factors in assessing the trial court's decision. Mai v. Mai, 853
S.W.2d 615, 618 (Tex. App.--Houston [1st Dist.] 1993, no writ). Although the earnings
statements before the court were sketchy, McClendon stipulated to a determination of child
support on the basis of this limited documentary evidence; he cannot now be heard to complain
that the court did what he requested by extrapolating average gross earnings from the evidence
submitted. We therefore conclude that the trial court did not abuse its discretion in setting the
amount of monthly child support payments at $700, based on 25% of $2800 in net resources. 
McClendon's points of error one, three, four, six and seven are overruled.

 In his second point of error, McClendon argues that the trial court improperly
applied the statutory guidelines to his "earning potential" rather than his actual income. Under
the Texas Family Code, an obligor's earning potential may be used to compute child support
payments if the obligor is intentionally unemployed or underemployed. Tex. Fam. Code Ann.
§ 14.053(f) (West Supp. 1994). McClendon contends that the evidence was legally or factually
insufficient to support a finding that he was intentionally underemployed. This argument is
without merit, however, because the trial court neither found nor was required to find that
McClendon was intentionally underemployed; the court based its finding on McClendon's present
ability to provide child support from his current net resources. See id. § 14.053(g). Although
the trial court found that McClendon "has the ability to earn in excess of $50,000 annually," we
conclude that this reflects merely an extrapolation of annual income based on the evidence of
earnings in September and November of 1993, rather than a determination of McClendon's
hypothetical "earning potential." Because McClendon asked the court to determine his child
support obligation based on the limited evidence he submitted, we find no error. McClendon's
second point of error is overruled.

 McClendon contends in his fifth point of error that the trial court abused its
discretion in failing to deduct from his net resources the $100 per month he agreed to pay Hay
in lieu of providing health insurance for his children. The Family Code specifically provides that
a court shall order the payment of health insurance expenses in addition to child support. See id.
§§ 14.053(d), .061; see also Kish v. Kole, 874 S.W.2d 835, 837 (Tex. App.--Beaumont 1994, no
writ). McClendon correctly argues that the court should deduct these expenses in calculating "net
resources." See Tex. Fam. Code Ann. § 14.053(b) (West Supp. 1994). Although the trial court
did not include a specific calculation in its findings deducting the $100 payment from
McClendon's gross monthly income, we assume the court properly accounted for this expense in
determining McClendon's net resources to be $2800, since the stipulated evidence supports a
finding of net monthly income in excess of $2900. Accordingly, the trial court did not abuse its
discretion, and McClendon's fifth point of error is overruled.

 Having found no error, we affirm the trial court's order.



 Bea Ann Smith, Justice


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: December 14, 1994

Do Not Publish

1.   The original decree ordered McClendon to provide medical insurance for the
children as part of his child support obligation.