COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ANGELIQUE GAXIOLA,

                           Appellant,

v.

CESAR GARCIA, 

                            Appellee.

§

§

§

§

§
§

No. 08-04-00052-CV

Appeal from the

171st District Court

of El Paso County, Texas

(TC#2000CM7318)



O P I N I O N

           This is an appeal from the trial court’s order reducing child support payments of the
Appellee. For the reasons stated herein, we affirm the trial court’s order.
                         I. FACTUAL AND PROCEDURAL BACKGROUND
           Appellee is the father of the minor child triggering the obligation and was required
to pay $475 per month in child support to Appellant on behalf of the child, pursuant to a
temporary order filed on July 25, 2003. On August 27, 2003, Appellee filed a motion to
modify the temporary orders on the basis that he had moved back to El Paso, Texas from
Phoenix, Arizona and was earning less money. On October 29, 2003, a hearing was held and
thereafter, on February 9, 2004, the trial court entered an order establishing a reduced child
support obligation of $343.50. The order reflects that the trial court pronounced judgment
in this proceeding on November 1, 2003, the order was signed on February 9, 2004 and was
filed on February 12, 2004. Appellant, the mother of the child, filed a Notice of Appeal
complaining of the trial court’s order. Appellant filed a request that the trial court issue
findings of fact and conclusions of law. Significantly, no notice of past due findings of fact
or conclusions of law was filed.
           Appellant appeals raising two issues.
II. ISSUES ON APPEAL
           In two issues, Appellant challenges the court’s entry of the order reducing the monthly
child support obligation of Appellee. In Issue One, Appellant complains that the trial court
abused its discretion by reducing the monthly child support obligation because the obligor
has evaded his support obligation because of voluntary underemployment. Issue Two
complains that the trial court does not have discretion to reduce the child support by the
amount reflected in the order and that the order must be supported by evidence in the record.           We read these issues collectively as a challenge to the trial court’s implied findings
of fact and conclusions of law that there is sufficient evidence to find that Appellee is not
willfully underemployed for the purpose of evading his support obligations and that the trial
court’s order of the amount of $343.50 is supported by the evidence, as a matter of law. 
Stated in the alternative, we read Appellant’s complaints as a challenge that there is no or
insufficient evidence to support the trial court’s decision reducing the child support
obligation and the decision was an abuse of discretion.III. STANDARD OF REVIEW
           We agree with Appellant that the appropriate standard of review in assessing the
action of the trial court when awarding child support is an abuse of discretion. In Interest
of Striegler, 915 S.W.2d 629, 637 (Tex.App.--Amarillo 1996, writ denied); Stocker v.
Magera, 807 S.W.2d 753, 754 (Tex.App.--Texarkana 1990, writ denied), citing Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). In deciding whether a trial court has abused its
discretion, we must determine whether the court acted without reference to any guiding rules
and principles, i.e., arbitrarily or unreasonably. In making that determination, we must bear
in mind that the mere fact that a trial judge may decide a matter within his discretion in a
manner different than an appellate judge does not demonstrate that the trial judge abused his
discretion. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985),
cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); In Interest of Striegler,
915 S.W.2d at 637.
           The Appellant first complains that the trial court abused its discretion by lowering the
amount of monthly child support payments on the grounds that Appellee is intentionally
underemployed and the amount of payment ordered is not supported by the evidence in
compliance with the statutory requirements. We note that Appellant filed a request for
findings of fact and conclusions of law under Rule 296 of the Texas Rules of Civil
Procedure, and Appellant did not provide a notice of past due findings as required by the
Rules of Civil Procedure.
           The losing party is required to bring the trial court’s failure to the attention of the trial
court. Texas Rule of Civil Procedure 297 provides, in part, the following: 
If the court fails to file timely findings of fact and conclusions of law, the party
making the request shall, within thirty days after filing the original request, file
with the clerk and serve on all other parties in accordance with Rule 21a a
“Notice of Past Due Findings of Fact and Conclusions of Law” which shall be
immediately called to the attention of the court by the clerk. Such notice shall
state the date the original request was filed and the date the findings and
conclusions were due.
 
Tex. R. Civ. P. 297.
           The failure to file a notice of past due findings of fact waives the right to complain
about the trial court’s failure to file findings of fact and conclusions of law. See Curtis v.
Commission for Lawyer Discipline, 20 S.W.3d 227, 232 (Tex.App.--Houston [14th Dist.]
2000, no pet.); Las Vegas Pecan & Cattle Co. v. Zavala County, 682 S.W.2d 254, 255 (Tex.
1984). No such notice appears in the record of this case. Because they did not file the notice
required by Rule 297 of the Texas Rules of Civil Procedure, we hold that Appellant has
waived her right to complain about the trial court’s failure to file the findings of fact and
conclusions of law. Curtis, 20 S.W.3d at 232; see also Tex. R. Civ. P. 297.
           It would have been helpful for the court to have articulated its findings of fact and
conclusions of law but because no findings of fact or conclusions of law were filed in this
case, we will presume that the trial court found all necessary facts to support the judgment. 
See Vickery v. Comm’n for Lawyer Discipline, 5 S.W.3d 241, 252 (Tex.App.--Houston [14th
Dist.] 1999, pet. denied). We may review any implied findings for sufficiency of the
evidence. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).
           We also note that Appellant did not file a request for findings in compliance with
Section 154.130 of the Texas Family Code. An appellant seeking to challenge the child
support order entered by a trial court judge should request findings allowed under the Family
Code. Section 154.130 provides:
§ 154.130. Findings in Child Support Order
 
(a) Without regard to Rules 296 through 299, Texas Rules of Civil Procedure,
in rendering an order of child support, the court shall make the findings
required by Subsection (b) if:
(1) a party files a written request with the court not later than 10 days
after the date of the hearing;
(2) a party makes an oral request in open court during the hearing; or
(3) the amount of child support ordered by the court varies from the
amount computed by applying the percentage guidelines.
(b) If findings are required by this section, the court shall state whether the
application of the guidelines would be unjust or inappropriate and shall state
the following in the child support order:
                      “(1) the monthly net resources of the obligor per month are
$______;
                      “(2) the monthly net resources of the obligee per month are
$______;
                      “(3) the percentage applied to the obligor’s net resources for
child support by the actual order rendered by the court is
______%;
                      “(4) the amount of child support if the percentage guidelines are
applied to the first $6,000 of the obligor’s net resources is
$______;
                      “(5) if applicable, the specific reasons that the amount of child
support per month ordered by the court varies from the amount
stated in Subdivision (4) are: ______; and
                      “(6) if applicable, the obligor is obligated to support children in
more than one household, and:
                                 “(A) the number of children before the court is
______;
                                 “(B) the number of children not before the court
residing in the same household with the obligor is
______; and
                                 “(C) the number of children not before the court
for whom the obligor is obligated by a court order
to pay support, without regard to whether the
obligor is delinquent in child support payments,
and who are not counted under Paragraph (A) or
(B) is ______.”
(c) The application of the guidelines under Section 154.129 does not constitute
a variance from the child support guidelines requiring specific findings by the
court under this section.

           Tex. Fam. Code Ann. § 154.130 (Vernon 2002).
           By its terms, the statute requires the trial court provide findings upon request in
contested hearings in which “the amount of the support is set or modified by the court.” In
this case, Appellant did not file a written request or make an oral request during the
proceeding. See In Interest of Striegler, 915 S.W.2d at 634-36.
           Further, the record affirmatively shows that the trial court’s failure to make findings
of fact and conclusions of law does not prevent Appellant from making a proper presentation
of her case to the appellate court. Even assuming that the request had been properly made
for findings of fact and conclusions of law, any error under this record is harmless. Wagner
v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944); Stubbs v. Stubbs, 715 S.W.2d 373, 374-75
(Tex.App.--Houston [1st Dist.] 1986, no writ). Further, after review of the appellate record,
we determine that there is ample evidence to support the trial court’s implied findings and
its implied findings are not against the great weight and preponderance of the evidence.
           Appellant complains about the specific amount of the order because the trial court
entered an order that reduced Appellee’s child support obligation by only a small fraction. 
Her argument implies that the trial court is limited to finding only that Appellee was
deliberately underemployed and, therefore, the child support obligation must not be reduced,
or, that the trial court must reduce the obligation to the statutory 20 percent of the obligor’s
net resources. See Tex. Fam. Code Ann. § 154.125 (Vernon 2002). We disagree. Appellant
does not consider the discretion provided to the trial court in determining the appropriate
amount of child support obligation in evaluating the net resources of the obligor and the other
factors which may be considered by the court. See Tex. Fam. Code Ann. § 154.062 and §
154.123 (Vernon 2002). Here, considering that we must presume that the trial court made
findings of fact and conclusions of law in support of its order, we find there is ample
evidence to support the implied findings.
           The record provides no evidence of intentional underemployment on the part of
Appellee. The only evidence presented is the factually specific evidence that Appellee
moved back to El Paso from Phoenix, is now employed and is currently earning $7 per hour. 
Nothing in the record suggests that the reason that Appellee is employed in a position earning
less money is for the purpose of evading his child support obligation. That is a critical factor
which the trial court impliedly did not find to exist. Appellant argues that the finding must
be related to the simplistic mathematical determination of 20 percent of the obligor’s net
monthly resources or is not supported by the evidence in the record. Paradoxically, Appellant
appears to be arguing that the trial court may only order payment of Appellee’s child support
obligation based upon the statutory 20 percent of the $14 per hour wage rate or the $7 per
hour wage rate. Clearly, the evidence is undisputed that Appellee no longer is earning $14
per hour. In light of our determination that the record establishes no evidence of deliberate
underemployment by Appellee, we do not see how Appellant has been harmed by the trial
court’s order of a child support payment which, by Appellant’s calculations, is warranted by
an hourly wage of approximately $12 per hour. It is counterintuitive to believe that
Appellant is arguing that the trial court may only order a payment based upon either the $14
or $7 figure with no option to order any amount in between.
           When establishing an obligation, the trial court may consider factors such as the fact
that Appellee has been furnished an automobile, housing, and other benefits by other people. 
See Tex. Fam. Code Ann. § 154.123(b)(10) (Vernon 2002). Again, because no findings are
included in the record, we presume that the trial court considered such evidence in
determining the appropriate obligation to be assessed against Appellee. The only evidence
presented reflects that Appellee has returned to El Paso, is employed working a 40-hour work
week, resides with his girlfriend at her brother’s home, drives his girlfriend’s car, and is
attempting to save money to buy a home. Nothing in the record suggests that Appellee has
deliberately or intentionally sought out employment earning less money for the reason of
evading his child support obligations. We note that if Appellee’s station in life improves in
the future, Appellant may apply for an adjustment of the support obligation.
           In order for a court to find that a parent is intentionally underemployed or unemployed
under Section 154.066, there must be evidence the parent reduced his income for the purpose
of decreasing his child support payments. In re P.J.H., 25 S.W.3d 402, 405-06 (Tex.App.--Fort Worth 2000, no pet.); see DuBois v. DuBois, 956 S.W.2d 607, 610 (Tex.App.--Tyler
1997, no pet.). There is no presumption that simply because a parent is no longer as
lucratively employed as he was during his marriage, he is intentionally underemployed or
unemployed. In re P.J.H., 25 S.W.3d at 406; see DuBois, 956 S.W.2d at 610. The requisite
intent or lack thereof, however, may be inferred from such circumstances as the parent’s
business reversals, business background, and earning potential. In re P.J.H., 25 S.W.3d at
406; see DuBois, 956 S.W.2d at 610, citing Kish v. Kole, 874 S.W.2d 835, 839
(Tex.App.--Beaumont 1994, no writ). At the same time, we must keep in mind a parent’s
right to pursue his or her own happiness. In re P.J.H., 25 S.W.3d at 406; see DuBois, 956
S.W.2d at 610.
           We note that Appellee does not complain of the trial court’s order in this case. As
Appellant argued, the amount awarded by the trial court correlates to an award based upon
a pay scale of approximately $12 per hour, well above the $7 currently being earned by
Appellee. Because Appellant presented no evidence that Appellee’s decision to return to El
Paso and accept alternative employment was a sham for his intention to avoid his child
support obligations, we overrule both Appellant’s issues and find the trial court did not abuse
its discretion.
           Having overruled Appellant’s issues, we affirm the order of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
July 14, 2005

Before Barajas, C.J., McClure, and Chew, JJ.