ACCEPTED
06-15-00001-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/7/2015 2:28:03 PM
DEBBIE AUTREY
CLERK

**NO. 06-15-00001-CV**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/7/2015 2:28:03 PM
DEBBIE AUTREY
Clerk

IN THE SIXTH COURT OF APPEALS

TEXARKANA, TEXAS

IN THE INTEREST OF C.W.R. AND I.S.R., CHILDREN

Appeal from the County Court at Law,

Bowie County, Texas; Cause No. 10-D-0452-CCL

**BRIEF OF APPELLEE**

**C. David Glass**
Texas State Bar No. 24036642
dglass@smithweber.com

**SMITH WEBER, L.L.P.**
5505 Plaza Drive - P. O. Box 6167
Texarkana, TX  75505-5517
Telephone:   (903)223-5656
Facsimile:    (903)223-5652

**Attorney for Appellee**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**

**SCOTT ROBERTSON**

Counsel for Appellant:
Kristian Young
kristiand@windstream.net
210 North Stateline Avenue
Texarkana, Arkansas 71854
Tel:  (903)277-4008
Fax:  (870)779-8444

**Appellee:**

**MISTY BROWN**

Counsel for Appellee:
C. David Glass
dglass@smithweber.com
SMITH WEBER, L.L.P.
5505 Plaza Drive / P. O. Box 6167
Texarkana, Texas  75505-5517
Tel:   (903)223-5656
Fax:   (903)223-5652

**Trial Court**:

**Honorable Judge Jeff M. Addison**
Bowie County Courthouse
710 James Bowie Drive
New Boston, Texas  75570
Tel:  (903) 628-6835
Fax: (903) 628-2217

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................ ii

Table of Contents .................................................................................. iii

Index of Authorities ................................................................................ v

Statement of the Case ............................................................................. vii

Statement Regarding Oral Argument ..................................................... viii

Issues Presented....................................................................................... ix

1. Whether the trial court erred in denying Appellant's requested modification when Appellant failed to establish a material and substantial change in circumstances; and

2. Whether the trial court erred by any failure to apply the child support guidelines set forth in the Texas Family Code to Appellant's income following (i) Appellant's failure to establish a material and substantial change in circumstances; (ii) receiving conflicting evidence as to Appellant's claims for relief; and (iii) receiving evidence of other relevant factors to include Appellant's earning potential, income and available resources, provision for healthcare insurance, and other reasons consistent with the best interest of the children.

Statement of Facts ...................................................................................1

Summary of Argument..............................................................................4

Argument & Authority .............................................................................5

    I.      Standard of Review ......................................................................5

    II.     Trial Court did not Err in Denying Requested Relief...........................8

         A.     No Material & Substantial Change .............................................8

       B.     Factors Supporting Denial of Relief ................................................9

       C.     Application of Guidelines is Discretionary ...............................14

   III.    Conclusion ..................................................................................15

Prayer ..........................................................................................................16

Certificate of Compliance ...........................................................................17

Certificate of Service...................................................................................17

# INDEX OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Coburn v. Moreland*, 433 S.W.3d 809
(Tex. App. – Austin 2014, no pet.)......................................................................8

*In re A.L.E.*, 279 S.W.3d 424 (Tex. App. – Houston [14th Dist.] 2009, no pet.) .......8

*In re Barber*, 982 S.W.2d 364 (Tex. 1998)(orig. proceeding) ...................................6

*In re E.A.E.*, 2010 Tex. App. Lexis 7661
(Tex. App. – Ft. Worth Sept. 16, 2010, pet denied)...............................................6

*In re K.C.B.*, 2014 Tex. App. Lexis 1512
(Tex. App. – Texarkana, Feb. 12, 2014) .............................................................5, 8

*In re Z.B.P.*, 109 S.W.3d 772 (Tex. App. – Fort Worth 2003, no pet.) ....................5

*Lozano v. Lozano*, 2009 Tex. App. Lexis 9620
(Tex. App. – Corpus Christi Dec. 17, 2009, no pet.) ...........................................5, 6

*Renfro Drug Co. v. Lewis*, 235 S.W.2d 609 (Tex. 1950)......................................7, 8

*Stocker v. Magera*, 807 S.W.2d 753
(Tex. App. – Texarkana 1990, writ denied) ...........................................................7

*Worford v. Stamper*, 801 S.W.2d 108 (Tex. 1990) ...........................................5, 7, 8


**Statute, Rules and Regulations**

TEX. FAM. CODE ANN. §154.066................................................................................7

TEX. FAM. CODE ANN. §154.067................................................................................7

TEX. FAM. CODE ANN. §154.123(b) ..........................................................................7

TEX. FAM. CODE ANN. §156.401(a) ...........................................................................5

TEX. FAM. CODE ANN. §156.402 .........................................................................5, 6

## STATEMENT OF THE CASE

Appellant, Scott Elliott Robertson, ("Robertson"), initiated a modification proceeding on March 28, 2014, seeking extended standard possession and a reduction in child support. [C.R. pp. 43-55.] This was the second such modification proceeding initiated by Robertson subsequent to the entry of the Agreed Final Decree of Divorce. [Id. at pp. 30-42.] The order sought to be modified was an Order in Suit to Modify Parent-Child Relationship entered on November 27, 2013, in the first modification proceeding. [Id. at p. 43, ¶3; see also pp. 30-42.] In response, Appellee, Misty Brown, ("Brown"), answered Robertson's motion and filed a motion for enforcement due to Robertson's ongoing failure to pay child support. [Id. at pp. 58-74.]

A hearing was held on December 12, 2014, before the Honorable Judge Jeff M. Addison. In the Order that followed, Robertson was granted extended standard possession and his request to modify support was again denied. [C.R. pp. 77-91.] As to Brown's enforcement, although the Order did not find Robertson in contempt for his failures to pay support, a judgment was rendered against Robertson in the amount of $4,900.00 for child support arrearages. [Id. at pp. 87-88; and R.R. Vol. 1, p. 101, ll. 5-12.]

## **STATEMENT REGARDING ORAL ARGUMENT**

The issues presented to this Court on appeal are not such that oral argument is necessary.  As such, Appellee does not request oral argument.

# ISSUES PRESENTED

1.   Whether the trial court erred in denying Appellant's requested modification when Appellant failed to establish a material and substantial change in circumstances; and

2.   Whether the trial court erred by any failure to apply the child support guidelines set forth in the Texas Family Code to Appellant's income following (i) Appellant's failure to establish a material and substantial change in circumstances; (ii) receiving conflicting evidence as to Appellant's claims for relief; and (iii) receiving evidence of other relevant factors to include Appellant's earning potential, income and available resources, provision for healthcare insurance, and other reasons consistent with the best interest of the children.

**STATEMENT OF FACTS**

Robertson and Brown entered into an Agreed Final Decree of Divorce in May 2010. [C.R. pp. 4-29.] Therein, Robertson agreed to pay $1,600.00 per month in child support as well as twenty-five percent (25%) of any real estate commissions. [Id. at p. 13.] Brown agreed to provide health insurance for the benefit of the children at her sole cost and expense. [Id. at p. 16-17; see also R.R. Vol. 1, p. 52, l. 22 to p. 53, l. 1.]

Following the filing of competing motions to modify and motions for enforcement, an Order in Suit to Modify Parent-Child Relationship issued on November 27, 2013, hereinafter ("2013 Modification Order"). [C.R. pp. 30-42.] Therein, the trial court granted in part and denied in part the parties' requested modification. [Id. at p. 31.] As for Robertson's child support obligations, the trial court granted a judgment in favor of the Attorney General against Robertson in the amount of $38,319.49 for child support arrearages.[1] [Id. at 36.] Additionally, despite Robertson's requests to curtail his financial obligations to Brown for the benefit of the children, the trial court found that "[a]ll other terms of the prior child support order not

---

[1] The findings of the trial court are in direct contradiction to the assertions made in Robertson's brief to this Court. Specifically, there was no finding that the $38,319.49 in arrearages was a "gift" or that Robertson actually paid the funds directly to Brown. [See Appellant Brief at p. 24.] To the contrary, there were findings that child support and balances on previous confirmed arrearages or retroactive child support judgement were not paid. [C.R. p. 36 (emphasis added).] As such, a judgment was rendered in favor of the intervening Attorney General in the amount of $38,319.49 to be paid as additional support to Brown at the rate of $500.00 per month beginning October 1, 2013. [Id.]

1

specifically modified in this order shall remain in full force and effect," i.e. child support is not modified in any respect. [C.R. p. 36.]

Robertson initiated another modification proceeding on March 28, 2014, approximately four (4) months after entry of the 2013 Modification Order, again requesting the trial court revisit the possession order and child support. [C.R. pp. 43-55.] Therein, Robertson requested modification of the orders pronounced on September 26, 2013, and memorialized in the 2013 Modification Order. [Id. at p. 43 at ¶3; see also pp. 30-42.] As to his child support obligations, in his March 28, 2014, Petition to Modify Parent-Child Relationship, Robertson claimed a material and substantial change during the four (4) month period since the date of the rendition of the prior order for which he sought modification.[2] [Id. at p. 45.]

Robertson's Motion to Modify and a Motion for Enforcement filed by Brown proceeded to trial before the bench on December 12, 2014. [C.R. p. 77.] An Order in Suit to Modify Parent-Child Relationship and for Judgment on Child Support followed, hereinafter ("2014 Modification Order"). [Id. at pp. 77-91.] Therein, the trial court found granting Robertson extended standard possession to be in the best

---

[2] Despite the assertions made in his brief, the order requested to be modified by Robertson was the order pronounced on September 26, 2013, and entered on November 27, 2013, and not the "Decree of Divorce." [See Appellant Brief at p. 8; see also C.R. 43 at ¶3; and R.R. Vol. 1, p. 9, ll. 11-14.] As such, the relief pled by Robertson and requested at trial was modification of the 2013 Modification Order. [Id.]

interest of the children. [C.R. p. 78.] As such, the requested relief was granted and the prior order was modified. As to the requested modification to decrease Robertson's child support obligations, the court found insufficient evidence of a material and substantial change warranting modification of child support. [Id. at p. 87.] Moreover, the court found the requested modification was not in the best interest of the children. [Id.] As such, the requested relief to modify child support was denied.

As for Brown's enforcement action, the trial court again found Robertson had failed to make payments for the support of his children as previously ordered. [C.R. p. 88.] The court, however, issued no finding of contempt against Robertson for such failures. [Id.; see also R.R. Vol. 1, p. 101, ll. 5-12.]

## SUMMARY OF ARGUMENT

Due to Robertson's failure to establish a material and substantial change in circumstances, the trial court did not err in denying the requested relief to reduce his child support obligations. Moreover, Robertson failed to demonstrate any requirement and/or failure of the trial court to apply the facts of his case to the child support guidelines set forth in the Texas Family Code. As such, the order of the trial court should be, in all things, affirmed.

## ARGUMENT & AUTHORITY

### I.      Standard of Review

A child support order may be modified on a showing the circumstances of a person affected by the order have "materially and substantially changed" since the order sought to be modified was signed. TEX. FAM. CODE ANN. §156.401(a). The movant has the burden to prove by a preponderance of evidence that a material and substantial change in circumstances has occurred. *In re Z.B.P.,* 109 S.W.3d 772, 781 (Tex. App. – Fort Worth 2003, no pet.). The best interest of the children is always the paramount consideration. TEX. FAM. CODE ANN. §156.402.

The trial court is accorded broad discretion in setting and modifying child support payments and a child support order will not be disturbed on appeal unless a clear abuse of discretion is shown. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). That is, a showing the trial court acted without reference to any guiding rules or principles, i.e. acted arbitrarily or unreasonably. *Id*.; see also *In the Interest of K.C.B.*, 2014 Tex. App. Lexis 1512, *14 (Tex. App. – Texarkana Feb. 12, 2014)(J. Carter). The evidence is viewed on appeal in the light most favorable to the trial court's action and every presumption is indulged in favor of the judgment. *Lozano v. Lozano*, 2009 Tex. App. Lexis 9620, *21 (Tex. App. – Corpus Christi Dec. 17, 2009, no pet.). If "some probative and substantive evidence supports the trial court's findings, [it] did not

abuse its discretion." *Lozano* at 21-22. A trial court does not abuse its discretion when it bases its decision on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998)(orig. proceeding).

When a trial court is considering whether to modify an existing child support order, its compliance with the statutory guidelines is discretionary, not mandatory. *In the Interest of E.A.E.*, 2010 Tex. App. Lexis 7661, *17 (Tex. App. – Ft. Worth Sept. 16, 2010, pet denied). The Texas Family Code reads as follows, in relevant part:

> (a)     The trial court *may* consider the child support guidelines . . . to determine whether there has been a material and substantial change of circumstances . . . that warrants a modification of an existing child support order *if* the modification is in the best interest of the child.
>
> (b)     If the amount of support contained in the order does not substantially conform with the guidelines . . . the court *may* modify the order to substantially conform with the guidelines *if* the modification is in the best interest of the child. A court may consider other relevant evidence in addition to the factors listed in the guidelines. TEX. FAM. CODE ANN. §156.402 (emphasis added).

A prior order that is not in compliance with the guidelines does not by itself establish a material and substantial change in circumstances. *In the Interest of E.A.E.* at *17. While a court may modify an order to conform to the guidelines, the proponent of the

modification must first satisfy his burden of demonstrating a material and substantial change in circumstances.

In considering whether to modify a prior child support order, other relevant factors the trial court may consider include the earning potential of the obligee, intentional unemployment or underemployment, deemed income attributable to assets that do not currently produce income, income that may be attributed to the property and assets of the obligee, provision for healthcare insurance and any other reason consistent with the best interest of the children. TEX. FAM. CODE ANN. §154.066, 154.067 and 154.123(b). Trial courts are permitted to consider the earning potential of a voluntarily unemployed or underemployed parent. *Stocker v. Magera*, 807 S.W.2d 753, 755 n.3 (Tex. App. – Texarkana 1990, writ denied). In situations where the parent's actual income is significantly less than he could earn because of intentional underemployment, the court may apply the child support guidelines to his earning potential. TEX. FAM. CODE ANN. § 154.066.

Where, as in this case, no findings of fact or conclusions of law were requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper,* 801 S.W.2d at 109. The appellate court considers "'only that evidence most favorable to the issue and [disregards] entirely that which is opposed to it or contradictory in its nature.'" *Id*; quoting *Renfro Drug Co. v. Lewis*,

235 S.W.2d 609, 613 (Tex. 1950). The judgment must be affirmed if upheld on any legal theory that finds support in the evidence. *Id.* Moreover, the appellate court defers to the trial court to resolve "conflicts in the evidence and to determine the weight to be given the testimony." *In re K.C.B.,* 2014 Tex. App. Lexis 1512 at *16. Stated another way, since the trial court is in the best position to "observe and assess the witnesses' demeanor and credibility, and to sense the 'forces, powers, and influences' that may not be apparent from merely reading the record on appeal," deference is given to the trial court's judgment in matters involving factual resolutions and credibility determinations. *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App. – Austin 2014, no pet.); quoting *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App. – Houston [14th Dist.] 2009, no pet.).

## II.    Trial Court did not Err in Denying Requested Relief

### A.    No Material & Substantial Change in Circumstances

In his Petition to Modify Parent-Child Relationship, Robertson asks the trial court to modify its 2013 Modification Order confirming the amount of support previously agreed upon by the parties and ordered by the court. [C.R. p. 43 at ¶ 3 – "The order to be modified is entitled Order in Suit to Modify Parent-Child Relationship and was rendered on September 26, 2013"; see also R.R. Vol. 1, p. 9, ll. 11-14.] This Petition to Modify was filed on March 28, 2014, some six (6) months after the prior

8

hearing and four (4) months after entry of the prior order. [C.R. pp. 43-55.] In the 2014 Petition to Modify, Robertson claims a material and substantial change in circumstances has occurred since the rendition of the 2013 Modification Order. [Id. p. 45 at ¶ 10.]

Robertson's claims of a material and substantial change in circumstances are contrary to the evidence offered to the trial court. He failed to present sufficient evidence to the court of a material and substantial change in circumstances since the rendition of the order sought to be modified, i.e. 2013 Modification Order. Moreover, as Robertson concedes, his purported change in circumstances did not all occur between the entry of the order which he seeks to modify and the filing of his modification. [R.R. Vol. 1, p. 28, ll. 13-23; see also Appellant Brief, p. 23.] Rather, Robertson's complaint with his financial obligations predates the 2013 Modification Order and goes back to the agreement reached between the parties in the divorce proceeding. [Appellant Brief at p. 23.] Due to Robertson's failure to establish a material and substantial change in circumstances since the entry of the order to be modified, the trial court did not err in denying his request to modify support.

B.     Factors Supporting Denial of Relief

Nonetheless, assuming Robertson was able to demonstrate a material and substantial change in circumstance, evidence was presented to the trial court from

9

which it could logically conclude Robertson was intentionally underemployed. Specifically, Robertson is a self-proclaimed entrepreneur with very flexible business hours. [R.R. Vol. 1, p. 15, ll. 23-24 and p. 21, ll. 15-16.] He is a licensed commercial real estate broker with fourteen (14) years of experience in commercial real estate. [Id. at p. 30, ll. 11-13; p. 31, ll. 9-11; and p. 32, ll. 17-23.] Robertson holds a bachelor degree in accounting and marketing with hours committed toward earning a Master's of Science in Accounting. [Id. at p. 31, ll. 7-8; and p. 33, ll. 10-18.] By his own admissions Robertson has marketable skills and degrees. [Id. at p. 33, ll. 19-22.] Despite such, he made a conscious choice not to pursue other or additional modes of employment. [Id. at p. 51, ll. 18-25.] If Robertson's story is true, he has consciously and intentionally chosen not to take advantage of his education, training and experience to secure earnings commensurate with his earning potential. [Id. at p. 41, ll. 8-22.]

As a commercial broker, Robertson is able to sell properties. [R.R. Vol. 1, p. 41, p. 41, ll. 8-14.] As a matter of fact, in the Agreed Final Decree of Divorce, Robertson agreed that in addition to the payment of $1,600.00 per month in child support, he would also contribute twenty-five percent (25%) of his gross sales commissions. [C.R. p. 13.] Despite his qualifications and credentials, however, Robertson claims to have secured zero sales commissions in 2014. [R.R. Vol. 1, p. 41, ll. 8-22.] Nonetheless,

10

his 2013 federal income tax return still reflects $97,530.00 in income. [R.R. Vol. 2, at Exhibit P-2.]

Likewise, evidence was presented of Robertson's available assets consisting of both real and personal property from which the trial court could logically conclude Robertson had sufficient resources to pay support as previously agreed and confirmed by the court. Specifically, Robertson has an ownership interest in several different business ventures to include Texarkana Legacy Group, LLC; Rangeland, LLC, a/k/a State Line Shopping Center (33 1/3% ownership interest); SAP Holdings, LLC (50% ownership interest); 5108 Holdings, LLC (25% ownership interest); Ark-Tex Beverage, LLC (25% ownership interest); and Downtown Texarkana, LLC (50% ownership interest). [R.R. Vol. 1, p. 33, l. 23 to p. 35, l. 16; see also R.R. Vol. 2 at Exhibit P-2 and P-6.] He also has a twenty-five percent (25%) ownership interest in 5108 Beverage, LLC, a/k/a Villa Liquor Store, a business from which he claims to receive no income. [Id. at p. 18, ll. 13-15; see also R.R. Vol. 2 at Exhibit P-6 (Schedule K-1).] Robertson does admit that in addition to any income, the various entities in which he holds an interest possess both real and personal property of value. [Id. at p. 33, l. 23 to p. 35, l. 16.]

As to his interest in Downtown Texarkana, LLC, in spite of claiming that he receives an average of $340.00 per month from this entity, Robertson admits that in the

11

months leading up to the December 2014 hearing he received a check for $1,500.00 in July, $750.00 in August, and $750.00 in September. [R.R. Vol. 1, p. 46, l. 22 to p. 47, l. 19.] Despite his obligation to respond to written discovery, Robertson admits to neither disclosing the name of the bank on which these checks were written nor producing bank records from this business account. [Id.] This behavior exhibited by Robertson is consistent with his failure to produce documents relative to his other business interests as well as his financial accounts. [Id. at p. 43, l. 14 to p. 44, l. 5; p. 56, l. 25 to p. 61, l. 23; p. 76, ll. 14-25; p. 77, l. 19 to p. 80, l. 22; and p. 85, ll. 6-19.] It is obvious that Robertson's failure to produce financial records on his various business ventures was more than a mere coincidence. [Id.; see also p. 56, l. 25 to p. 61, l. 23.] As a matter of fact, this successful entrepreneur was well aware of the potential effect the disclosure of financial records would have on his requested relief.

Brown, who has a finance degree, raised concerns to the trial court as to Robertson's less than candid disclosure of earnings, income and assets from his various business interests. [R.R. Vol. 1, p. 76, ll. 14-25; p. 77, l. 19 to p. 80, l. 22; and p. 85, ll. 6-19; see also p. 43, l. 14 to p. 44, l. 5 and p. 56, l. 25 to p. 61, l. 23 as to Robertson's testimony.] Nonetheless, despite Robertson's obstruction, Brown was also able to highlight the fact that, contrary to Robertson's claim of poverty, $102,000.00 was deposited into his personal bank account over the preceding twelve (12) month period.

[R.R. Vol. 1, p. 79, ll. 10-18.] This testimony offered by Brown was uncontroverted by Robertson.

After filing his 2014 modification proceeding requesting a decrease in child support and in the face of his purported dire straits, Robertson nonetheless had a consistent level of discretionary funds for dining out, leisure and travel. [R.R. Vol. 1, p. 42, l. 1 to p. 43, l. 5; and p. 79, l. 10 to p. 80, l. 2.] Meanwhile, Brown was providing health insurance coverage, buying school supplies and school clothes, and providing for the children's essential needs. [I.d. at p. 75, ll. 8-12; and p. 85, ll. 2-5; see also p. 52, ll. 22-23.] The trial judge had a front-row seat to resolve factual disputes as to the nature and extent of Robertson's income, earnings and assets, as well as to judge the credibility of the witnesses. In the end, the court found there was no material and substantial change in circumstances warranting modification of child support. Moreover, the court found Robertson's request not to be in the children's best interest.

In a last ditch effort to gain a toehold, Robertson points this Court to the trial court's dicta in the record. Specifically, the court's statement that in reviewing the issue of child support, there were "a lot of things to consider" to include the fact Robertson owns a $350,000.00 residence and drives a $70,000.00 vehicle. [See Appellant Brief at p. 25; see also R.R. Vol. 1, p. 99, ll. 13-15.] Despite the fact this

statement is not a finding of the court in the order on appeal, Robertson nonetheless seized upon this statement to craft his theme before this Court that "[t]he trial court's only justification for not granting modification of child support was based solely on [Robertson] having two assets specifically mentioned by the trial court," i.e. the house and his car. [Appellant Brief at p. 25 (emphasis added).] This assertion is wholly inconsistent with the evidence presented at trial, the 2014 Modification Order entered by the court, and the record before this Court on appeal. Due to Robertson's failure to establish a material and substantial change in circumstances and in light of the other relevant factors supporting the current level of child support, the trial court did not err in denying his requested modification.

C.    Application of Guidelines is Discretionary

Robertson is unable to demonstrate any failure of the trial court to apply the facts of his case to the child support guidelines set forth in the Texas Family Code in reaching its conclusion to deny the relief requested. Moreover, in a modification proceeding, application of the guidelines by the court is discretionary not mandatory. As such, even assuming the court found a material and substantial change in circumstances, it was not bound to apply the guidelines in assessing the prior child support order, it was free to consider other relevant factors in reaching its conclusion and it did not err in denying Robertson's request to modify support.

14

## III.    Conclusion

Robertson failed to offer sufficient evidence to demonstrate a material and substantial change in circumstances.  Nonetheless, assuming arguendo he did present evidence sufficient to meet this burden, Robertson has sufficient education, training and experience to meet his earning potential as well as sufficient resources to satisfy his obligations to the minor children.  Moreover, other relevant factors support the 2014 Modification Order denying Robertson's request to modify his child support obligations.  At best, conflicting evidence was presented to the trial court and it was called upon to make factual resolutions and credibility determinations as to Robertson and his version of the facts.

By way of this appeal, Robertson now seeks a third bite at the apple.  First, as stated in his brief, despite his assertion of a material and substantial change between the Agreed Final Decree of Divorce and the first modification proceeding, the trial court did not disturb the child support order previously agreed upon in its 2013 Modification Order.  Notwithstanding failing in this effort to seek a reprieve from his financial obligations, Robertson failed to appeal the findings of the trial court.  Instead, some four (4) months after the entry of the 2013 Modification Order, Robertson filed another motion to modify again claiming a material and substantial change in circumstances.  When this effort to curtail his financial obligations likewise failed, he

15

sought review of this Court in yet another effort to secure a downward departure of his obligation to support the two (2) minor children. Due to Robertson's ongoing failure to establish a material and substantial change in circumstances, the trial court did not err in denying the request to reduce his child support obligations. Moreover, other relevant factors considered by the court weighed against such relief.

Any failure of the trial court to apply the child support guidelines set forth in the Texas Family Code to this modification proceeding was not error. As a matter of fact, the court was not mandated to apply the guidelines to the facts of this case. Moreover, the court was free to consider other relevant factors in reaching its determination. Accordingly, the relief sought by Robertson should be denied.

## **PRAYER**

WHEREFORE, Appellee, Misty Brown, respectfully requests this Court affirm the order of the trial court; and for such other and further relief to which she is justly entitled at law or in equity.

Respectfully submitted,

**SMITH WEBER, L.L.P.**
5505 Plaza Drive - P.O. Box 6167
Texarkana, Texas 75505-6167
TEL: 903.223.5656 / FAX: 903.223.5652

 */s/ C. David Glass*
**C. DAVID GLASS**,
*Attorney in Charge*
Texas State Bar No. 24036642
E-Mail: dglass@smithweber.com

**ATTORNEYS FOR APPELLEE,
MISTY BROWN**


## CERTIFICATE OF COMPLIANCE

In compliance with rules 9.4(i)(2)(B) and (i)(3) of the Texas Rules of Appellate

Procedure, this brief contains 3,675 words.


## CERTIFICATE OF SERVICE

A true and correct copy of this document is being served on this the 7th day of

May, 2015, to:

Kristian Young
210 North Stateline Avenue
Suite 502
Texarkana, Arkansas 71854

 */s/ C. David Glass*
C. David Glass

17